F. S. ELAM AND F. H. STEWART V. J. W. PARKHILL ET AL.

(Case No. 4670.)

1. CLAIM FOR IMPROVEMENTS MADE IN GOOD FAITH.— To entitle a party to claim under the statute for the value of improvements made by him on land, it is necessary that he should have entered and claimed under a color of title which he believed in good faith to be the superior title to the land, and that he was ignorant that his right was contested by one claiming a title which he had reasonable and strong grounds to believe was a better title than his own.

2. SAME.— A woman, having by will a life estate in land, determinable according to the terms of the will on her marrying a man with more than one child, and who thus marries, cannot recover from the remainderman the value of improvements placed by her on the land during its occupancy by her; and purchasers from her can occupy no more favorable position.

APPEAL from Hill. Tried below before the Hon. D. M. Prendergast, special judge.

Trespass to try title, brought by J. Wiley Parkhill *et al.*, to recover one hundred and sixty acres of land, claiming the same through the will of Joel Parks, deceased, which was dated February 6, 1867, probated January, 1868, and was as follows:

"THE STATE OF TEXAS — *County of Hill.*

"Know all men by these presents, that I will and bequeath to Elizabeth Caroline Parkhill and her present heirs the land I now live on, which I bought of Thos. T. Taylor, and all the separate property that I now own. It to belong to E. C. Parkhill during her natural life, and she to have full control of the same, unless she marries a man with more than one child, in which case it is to be alone the property of E. C. Parkhill's three children, which is James W. Parkhill, Jesse P. Parkhill and Joel David Parkhill, and the said E. C. Parkhill is to pay T. T. Taylor a note he holds against me, and any other little note which may be against me."

It was alleged that the estate or right of Mrs. Parkhill to the land had terminated by reason of her marriage with Alford Ewbanks, who had more than one child at the time of the marriage, and that appellants claimed the land by and through conveyances from Mrs. Parkhill.

Appellants answered by plea of not guilty, asserted their purchase from Mrs. Parkhill, and suggested improvements in good faith.

The cause was tried without a jury, and judgment was rendered in favor of appellees for the land, etc., from which this appeal was taken.

The errors relied on for a reversal were that the court erred in excluding evidence as to good faith and value of improvements, and that the judgment was not sustained by the evidence.

*De Berry & Smith*, for appellants.

*Tarleton & Bullock*, for appellee.

WATTS, J. COM. APP.— It is claimed that the court erred in excluding the evidence offered by the appellants as to the good faith of their purchase, and as to the value of the improvements placed upon the land.

To entitle a party to a recovery for the value of improvements it is essential that he be a possessor in good faith. That is, he must believe that he is the true owner of the land, and be ignorant of the fact that his right is contested by some person claiming a superior title; and notwithstanding he may have notice of an adverse claim, yet if he has reasonable and strong ground, for believing such claim to be destitute of any just or legal foundation, other requisites concurring, he may be a possessor in good faith. Houston *v.* Sneed, 15 Tex., 307; Dorn *v.* Dunham, 24 Tex., 366.

While title is not essential upon which to predicate a claim for the value of improvements, it is necessary that the party should enter and claim under color of title. That is, the party must claim under an apparent title, which he in good faith believes to be the real title to the land. Hatchett *v.* Conner, 30 Tex., 104.

The instrument upon which Mrs. Parkhill's right to the land depended was the will of Joel Parks, deceased; by the terms of which she only took a life estate, with the condition superadded that if she married a man with more than one child, such estate immediately determined. In this particular the will is clear and unambiguous, and there could be no reason for a mistake in its construction.

In their purchase from Mrs. Parkhill, the law charges appellants with knowledge of the extent of her right or estate in the land, and that she could only convey that estate. As she was a tenant for life, burdened with the condition that if she married a man with more than one child, such life estate should immediately determine, she would not be entitled to a recovery against the remainderman for the value of any improvements that she might put upon the land during her occupancy. Sedgwick & Wait on Trial of Title to Land, p. 479, § 708.

In this respect her vendees would occupy no better attitude or more favorable position than she would. They purchased from one having only a life estate, and that without any good reason for believing that they were getting the title in fee.

It is not pretended that Mrs. Parkhill sold the land as administratrix under appropriate orders of the probate court, and there is no authority in the will of Joel Parks for her to sell and convey the land. On the contrary a reasonable construction of the will negatives the idea that the testator intended to invest her with such power.

The payment of the claims mentioned in the will imposed upon Mrs. Parkhill a burden which she assumed in accepting the conditional life estate. The testator does not, as claimed by appellants, make the claims a charge upon the land, and impose upon Mrs. Parkhill the power to sell it to pay the claims.

Under the circumstances of this case we are of the opinion that the court did not err in excluding the evidence. And as the judgment is sustained by the evidence, we report that the same ought to be affirmed.

AFFIRMED.

[Opinion adopted January 15, 1884.]