SEQUATCHIE COAL CO. et al. v. SUNSHINE COAL & COKE CO. et al.—166 S. W. (2d), 402.

Middle Section. June 13, 1942.

Petition for Certiorari denied by Supreme Court, December 5, 1942.

Chas. C. Moore, of Chattanooga, for plaintiffs.
T. Pope Shepherd, of Chattanooga, for defendants.

HOWELL, J.  The original bill in this case was filed against the defendants seeking to enjoin them from trespassing or mining coal upon certain land in Sequatchie County, Tennessee, alleged to belong to the complainant, and also it prayed for an accounting to ascertain the amount of coal already mined from this land and a decree for the value thereof.  Subsequently a supplemental bill was filed in which it was alleged that the land involved had been sold under the terms of a trust deed and that C. C. Moore had become the purchaser, and asking that he be made a party complainant.  This supplemental bill also made additional charges of waste upon complainants' land.

The defendants answered, denying that complainants owned the land in question and that they had committed any waste, and averring that they were mining coal on what was known as the DeGarmo Grant No. 8031, and that they had expended large sums of money developing and improving this land.  The defendants also filed an answer to the supplemental bill in which they denied the right of C. C. Moore to become a party complainant and denied that they had trespassed upon complainants' land.  Later the defendants filed a cross-bill in which it is alleged that complainants cannot recover from them because they knew of, consented to and acquiesced in the work done by defendants and prayed that they be permitted to recover for the value of the improvements made by them.

Upon the hearing the chancellor decreed that complainants were the owners of the land in question and entitled to the possession of it and that the defendants might be evicted, but that under the facts, the defendants and cross-complainants were entitled to recover of the complainants, compensation for the reasonable value of the improvements placed upon complainants' land to the extent that such improvements increased the value thereof, and that this amount should be ascertained by a reference.  The Chancellor further said that the most just and reasonable rule would be to carry out a suggestion made by counsel at the hearing that complainants lease to the defendants the land upon which the openings and improvements were located, upon the prevailing basis, and that complainants might elect which remedy they would accept.

The complainants excepted to so much of the decree of the chancellor as held them liable for the improvements placed upon the land and required them to elect with reference to leasing the land upon which the improvements were located to the defendants. The chancellor granted an appeal to this court which has been perfected and complainants have assigned errors.

The assignments of error are in substance that the court erred in holding that defendants were entitled to compensation for the improvements placed upon complainants' land, that it was error to require the election suggested by the chancellor and that the court erred in granting defendants any relief under their cross-bill.

The original defendants did not appeal and there is really no dispute about the material facts as found by the Chancellor which facts are as follows:

"The complainants title rests upon and is a part of grant No. 7986 issued to John DeGarmo to which complainants deraign a good and perfect title.

"The question involved and the one to be determined is the location of the boundary of said grant 7986 and especially the South boundary thereof.

"The Court is of opinion and finds from the proof that the location of said South boundary of said grant is as fixed and located by J. A. Layne, surveyor and as so located leaves the coal openings, tipples, buildings, and other improvements made by defendants on the complainants land.

"The Court is of opinion from all the proof that it is shown by the greater weight of the evidence that defendants company and its employees and sublessees located said openings and improvements at the place or places pointed out by Mr. B. C. Grayson, who was at that time connected with complainant company and was one of its officers.

"It is also shown by the proof that said location were brought to the attention of Mr. Moore, one of the complainants who was also an officer of complainant company and who being unfamiliar with the correct location of the South boundary line of grant 7986 made no objection thereto until some time later.

"At the time of the location of said improvements by defendant it appears from the proof that it was under the impression and belief that it was operating under a lease on the Jacob DeGarmo grant and that said improvements were made for the purpose of mining coal under said lease although it appears that a certain lease was later declared void and an effort has been made through the Courts to enforce a verbal contract of lease, at any rate the Court is of opinion from the proof that defendants went upon the land under the belief that it was on the Jacob DeGarmo grant.

"The court is of opinion that the matters should be determined as of date defendants made their entry upon the land and it also ap-

pears to the Court to some extent at least the defendants may have been misled by the action of Mr. Moore although made after the entry of defendants, he being an officer of complainant company it is reasonable to assume that he knew or should have known of the entry at the time and the location at least, the reasonable location of boundaries of complainant's land.

"At the time of the location of the entries and improvements made by defendant, it appears that Mr. Grayson was interested in Jacob DeGarmo grant and intended to or had leased mining privileges thereon to defendant and that he either pointed out the places of openings or could have known by proper diligence whether they were inside the John DeGarmo grant, but if he was mistaken as to the location and allowed defendants to operate and make such improvements at the same time being an officer of complainant the Court is of the opinion that defendants went on said land in good faith believing they were on the lands leased and that there was no wilful trespass, these facts followed by statement of Mr. Moore who voiced no objection to said location by the defendants although he knew it was slightly within his boundary of land, all these facts are persuasive that said defendants entered upon the land in good faith and in good faith made said entries and improvements.

"The controlling question being the location of the South boundary line of John DeGarmo grant 7986 and located according to survey made by J. A. Layne and the openings and improvements of defendants being within said boundary they are therefore trespassers and may be evicted therefrom, by proper process." We concur with the findings of fact by the chancellor.

The Chancellor thereupon decreed that complainants were the owners of the land, and entitled to its possession and that the defendants might be evicted, and held further that the case came within the rule announced in Howard v. Massengale, 81 Tenn. (13 Lea), 577, and Griffiths v. Ogle, 6 Tenn. App., 695.

From a careful examination of the record and investigation of the law we think the chancellor was correct.

The subject is fully annotated in 68 A. L. R., beginning on page 288, under the heading: "By the weight of authority it is held that constructive notice from the record, of the existence of a paramount title or interest, does not deprive an occupying claimant of the right to be reimbursed for his improvements on being ejected from the premises."

The rule adopted by the Supreme Court in the case of Howard v. Massengale in 81 Tenn. (13 Lea), at page 577, that constructive notice by registration of adverse title will not defeat a claim for improvements made in good faith and without knowledge of the title, should apply to this case. The complainants should not

in equity have the benefit of these expenditures by the defendants for nothing.

This holding is approved by the Court of Appeals in the case of Griffiths v. Ogle, 6 Tenn. App., 695, and in other cases.

▮ That part of the decree of the chancellor with reference to the election by complainants is as follows:

"However, the Court being of the opinion that defendants entered upon complainants' land in good faith in the belief that the lease of the Sunshine Coal & Coke Co. on the Jacob DeGarmo grant covered the places where their improvements were made, it is adjudged that defendants either recover compensation for the reasonable value of improvements placed on complainants' land to the extent that they have increased the value thereof, to be ascertained by reference, or that the complainants lease to defendants the land upon which said openings and improvements are located with the adjacent lands upon the prevailing royalty for such coal as may be mined considering the land and the location, character of coal and etc., which defendants offered at the hearing to accept in lieu of compensation for improvements.

"The complainants may elect which of the remedies they will accept, taking title however, to the land as deraigned and removing defendants each and all as trespassers so as to quiet complainants possession thereto." We see no error in this suggestion by the chancellor.

We therefore affirm the decree of the chancellor and the cause will be remanded to the Chancery Court of Sequatchie County for the execution of that decree.

The costs of the appeal will be paid by the complainants and the surety upon the appeal bond, and the costs of the Chancery Court will be paid as decreed by that court.

Crownover, P. J., and Felts, J., concur.

Affirmed and remanded.