**STEEPLE OIL & GAS CORPORATION et al., Appellants,**

v.

**J. D. AMEND, Appellee.**

**No. 7469.**

Court of Civil Appeals of Texas.

Amarillo.

May 31, 1965.

Rehearing Denied June 28, 1965.

Henry Klepak, Dallas, for appellants.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellee.

DENTON, Chief Justice.

This suit was instituted by Steeple Oil & Gas Corporation and Raymond A. Baur against J. D. Amend seeking to recover gas well equipment, reasonable rental value of the equipment, and the costs of drilling a gas well. Appellee, J. D. Amend, filed his motion for summary judgment. The trial court granted a partial summary judgment

in favor of appellee on all issues except the reasonable value and/or reasonable rental value of appellant's gas well equipment. The latter issue was severed from the primary cause of action and is not involved in this appeal.

The material facts are undisputed. Amend, as lessor, executed an oil and gas lease to appellant's predecessor on April 10, 1957, for a primary term of six months. A gas well was completed and capped prior to August 1, 1957, well within the primary term. Paragraph Two of the lease provided:

"Subject to the provisions herein contained, this lease shall be for a term of six months from this date (called 'primary term') and as long thereafter as oil and gas are produced from said land or land with which said land is pooled hereunder."

The lease also contained a "shut-in" clause. On August 9, 1957, appellants paid Amend $640.00 shut-in royalty in accordance with the terms of the lease. This payment extended the life of the lease for one year. In September of 1958 Amend filed suit against appellants in the District Court of Sherman County, Texas, and alleged the oil and gas lease terminated because of the failure of appellants to produce gas or pay the shut-in royalty. The District Court of Sherman County entered judgment declaring that the lease terminated on August 10, 1958. This court affirmed that judgment of the trial court in 337 S.W.2d 809, (Refused, NRE), and that judgment has become final. The present suit was filed by appellants in the 108th District Court of Potter County seeking the relief set out above.

Appellants' single point of error contends the trial court erred in granting a partial summary judgment which denied appellants the right of reimbursement for the costs of drilling the gas well. They take the position appellee chose to terminate the lease agreement and thereby unjustly enriched himself by acquiring the benefits of a producing gas well at no cost to himself. As we understand it, appellants urge that since Amend chose to bring the original suit to cancel the oil and gas lease rather than sue for the shut-in royalty, rules of equity should apply to require Amend to reimburse appellants for the drilling costs. Appellants concede there is no Texas case directly in point, and we have found none.

In support of their position appellants rely principally upon Phillips v. Coast, 130 Pa. 572, 18 A. 998, by the Pennsylvania Supreme Court. In that case the defendant mistakenly drilled an oil well on the plaintiff's land and plaintiff brought suit for statutory ejectment to recover the possession of land upon which the defendant had mistakenly drilled the well. The case involved adverse possession assumed by the defendants by mistake. In allowing the defendants to recover the "cost of the well and appliances" the court based its ruling on the premise the defendants "in the most perfect good faith, expended their money in sinking this well." The court in invoking equity held that if the plaintiffs had been in possession of the land they would have had to expend the same amount to have enjoyed the benefits they then had as a result of defendants mistakenly drilling on their land. In our opinion this case is not controlling. The questions of mistake, good faith, the right to possession, and adverse possession are not involved. The same distinctions are found in other cases cited and relied on by appellants. Such a case is Sequatchie Coal Co. v. Sunshine Coal & Coke Co., 25 Tenn.App. 604, 166 S.W.2d 402. There the defendant mistakenly opened a coal mine on plaintiff's land thinking the mine was on its own property. In answer to plaintiff's suit to enjoin defendants from trespassing or mining coal from their land, defendants filed a cross-bill seeking to recover the value of the improvements made by them. The court held the placing of improvements up-

on another's land in good faith as a result of a mistake "complainants should not in equity have the benefit of these expenditures by the defendants for nothing." In the present case there is no question of good faith or mistake. Another case relied on by appellants is Mulholland v. Jolly, (Tex.Civ.App.), 17 S.W.2d 1109, (Error Refused). In that case the defendant in the trespass to try title action took possession of the land under a forged deed and in good faith made valuable improvements on the land. In holding the defendant was entitled to reimbursement for the improvements, the court invoked the rules of equity and said:

"In all cases where the deed apparently is legal and purports to convey the land, the party who acts in good faith on such instrument and enters in possession and makes the improvements in justice and equity should be entitled to a recovery."

Such is not the situation in the case at bar. These and other cases relied on by appellants do not involve the same type of interests or estate as found here. The present case does not involve a situation where possession has been acquired by mistake or under a forged or otherwise void instrument.

This court recently handed down a decision in a case in which the lessee of an oil and gas lease sought in a cross-action to recover for compensation for valuable improvements represented by expenses of drilling and equipping a gas well. Thoreson v. Grady L. Fox et al., Tex.Civ.App., 390 S.W.2d 308. Although we upheld the lessee's recovery of such improvements, the case has several distinguishing features from the case at bar. In Thoreson the lessor and land owner sued in trespass to try title and to cancel the oil and gas lease. An additional count alleged lessor had no adequate remedy at law to prevent lessee from removing the casing and destroying or damaging the well; thus, invoking the court of equity for relief to prevent on

offset recovery for good-faith improvements placed on the premises by the lessee. Although it was held the lessee held a determinable fee, as in this case, the jury found the lessee did not believe the lease required actual production within the 240 days named in the lease. We held there was evidence to support this jury finding. Thus, the lessor invoked equity for relief and there was a jury finding of good faith on the part of the lessee that the lease had not expired. These factors, together with the unique language of the oil and gas lease, clearly distinguishes the Thoreson case from the case under consideration.

The oil and gas lease under consideration gave appellants, the lessees, a determinable fee which could have continued "as long thereafter [the six months primary term] as oil and gas are produced"; or it could terminate through the operation of limitations expressed in the lease. Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W.2d 27; Freeman v. Magnolia Petroleum Co., (Com.App.), 141 Tex. 274, 171 S.W.2d 339, (Opinion Adopted); Gulf Oil Corp. v. Reid, 161 Tex. 51, 337 S.W.2d 267. The Supreme Court has held that upon cessation of production after the termination of the primary term the lease automatically terminates. Freeman v. Magnolia Petroleum Co., supra; Watson v. Rochmill, 137 Tex. 565, 155 S.W.2d 783, 137 A.L.R. 1032. In the prior suit between these same parties this court held the appellants' "lease had lapsed" for the failure to timely pay the shut-in royalty as provided for in the lease. This failure to timely pay the shut-in royalty had the effect of stopping gas production, thus terminating the oil and gas lease. The determinable fee may end upon the happening of certain contingencies or conditions such as cessation of production. Upon the happening of this limitation there is no forfeiture since the estate automatically expires under its own terms. Duke v. Sun Oil Co., (Fifth Circuit), 320 F.2d 853; Texas Co. v. Davis, 113 Tex. 321, 254 S.W. 304, 255 S.W. 601; Caruthers v. Leonard,

254 S.W. 779, (Com.App.). We therefore conclude appellants' contention that appellees had an election of remedies and that the equitable rule against forfeiture should be invoked has no application to the facts of this case. Appellee's orginal suit was not an action of cancellation of the lease but one to declare the lease forfeited or terminated.

Having determined appellants acquired a determinable fee estate and that such estate automatically terminated under the terms of the lease by the failure to timely pay the shut-in royalty, we must decide the primary question of whether or not appellants are entitled to reimbursement of their expenditures involved in the drilling and equipping of the gas well expended prior to the termination of the lease. Appellee concedes appellants have the right under Paragraph Eight of the lease to remove the casing and other fixtures placed thereon by them. This issue, together with the equipment's rental value, has been severed and remain to be adjudicated by the trial court.

■ When an oil and gas lease terminates, as was judicially determined in this case, the rights of the lessee come to an end. Upon such termination the lessors became the owners of the mineral estate conveyed by the lease. Waggoner Estate v. Sigler Oil Co., supra. Although no Texas case has directly passed on the issue presented, analogous property rules should be considered. In Elam v. Parkhill, 60 Tex. 581, the wife took the property under her deceased husband's will. She received a life estate with the condition that if she married a man with more than one child such estate would immediately terminate. As a life tenant burdened with this condition, the court held "she would not be entitled to a recovery against the remainderman for the value of any improvements that she might put upon the land during her occupancy." Although the life estate

in the Elam case was not a determinable fee in the strict sense, we think the analogy is clear. It is also well settled that a life tenant is not entitled to reimbursements for improvements expended during the tenure of his estate. Phelps v. Thurber Brick Co., (Tex.Civ.App.), 62 S.W.2d 596; Sargeant v. Sargeant, 118 Tex. 343, 15 S.W.2d 589; Sparks v. Robertson, (Tex.Civ.App.), 203 S.W.2d 622. (Error Refused); Collett v. Collett, (Tex.Civ.App.), 217 S.W.2d 60, (Refused, NRE).

■ Appellants are seeking equitable relief in the form of reimbursement for drilling costs and well equipment expended prior to the termination of the oil and gas lease. The lease terminated upon their failure to timely pay the shut-in royalty. As stated by Judge Brewster in Freeman v. Magnolia Petroleum Co., supra, "For their failure to do so they have only themselves to blame." "The lease lapsed as a matter of law when they so failed * * *." The failure to timely pay the shut-in royalty resulted in the lease automatically terminating. In effect, production ceased. As we have said appellee's original suit to cancel or terminate the lease was not a suit for forfeiture. There was nothing to forfeit because the lease by its very terms had ceased to exist. Amend's suit was for the purpose of declaring it so. Having failed to comply with the conditions the appellants, as lessees, imposed upon themselves; they are not in a position to be reimbursed for their drilling costs.

By counter points appellee has brought forward pleas of res adjudicata and two-year statute of limitations relating to the previous suit filed in Sherman County. These counter points become immaterial in view of our disposition of this case. However, in our opinion, these counter points are without merit.

The judgment of the trial court is accordingly affirmed.