William J. HAYNES, Jr., et ux.,
Plaintiffs-Appellees,

v.

CUMBERLAND BUILDERS, INC., et al.,
Defendants-Appellants.

Court of Appeals of Tennessee,
Middle Section.

Feb. 24, 1978.

Certiorari Denied by Supreme Court
May 1, 1978.

John E. Buffaloe, Jr., Nashville, Thomas C. Scott, Butler, Tune & Entrekin, Nashville, for plaintiffs-appellees.

James L. Bass, Nashville, for defendants-appellants.

TODD, Judge.

## OPINION

*With the concurrence of participating judges, the original opinion has been abridged for publication.*

This is a suit by a purchaser of realty for damages for misrepresentation as to the correct location of one of the boundary lines. Upon a former appeal, this Court affirmed the Chancellor's findings as follows:

"1. Defendant erected and offered for sale a new house on lot 34 of Gold Key Estates Subdivision in Davidson County.

"2. Defendant's agent in the sale of the property was W. A. Appleton Realty Company.

.    .    .    .    .

"4. At a later date Appleton pointed out to the plaintiffs the boundaries of the property and represented that a utility pole in the north-east corner was on the property line. *Appleton also represented to plaintiffs that the graveled driveway on the north side of the property was within the property boundaries.*

.    .    .    .    .

"8. About January 15, 1975, defendant started construction of a house on lot 35 and the foundation appeared to be less than five (5) feet from the plaintiffs north boundary. Plaintiffs requested defendant to observe the ten (10) foot side-yard clearance and were informed that the boundary was approximately in the middle of plaintiffs' driveway."

(Emphasis supplied)

However, this Court vacated the award of damages and remanded for the ascertainment of damages upon proper criteria.

The Chancellor awarded plaintiff $6,000.00 damages, and defendant has appealed.

The sole assignment of error is as follows:

"The judgment of the Court and the basis upon which the Court established the amount of damages awarded plaintiffs is contrary to the evidence submitted in the cause and is contrary to the applicable law."

Appellant asserts that the only evidence of damages is the testimony of plaintiff.

Plaintiff testified that he contracted to pay defendant $35,000.00 for the house and lot in question, and that the actual value of the house and lot with the true boundary as later discovered by him was $29,000.00.

■ The sales price of similar land is some evidence of value of land in issue.

See authorities annotated in 9 Tenn.Dig., Evidence, § 142(1). A fortiori, the sales price of the very land in question is evidence of its value. 32A C.J.S. Evidence § 109c, pp. 841, 842, note 62.

In the case of services, it has been held that contract price is some evidence of the reasonable value thereof and is sufficient in the absence of evidence to the contrary. 32A C.J.S. Evidence § 109e, p. 844.

■ Accordingly, it is reasonable to hold that the agreed sale price made under false representations of a boundary is evidence of the value which the property would have if the representations were true.

■ It has been held that the owner of property is a competent witness as to its value. *Haynes v. Cumberland Builders, Inc.,* Tenn.App.1976, 546 S.W.2d 228. Thus the plaintiff did offer competent and material evidence of damages in the amount of $6,000.00.

■ Appellant next insists that the disposition of the case should be determined by the testimony of its witnesses that there were no damages as a result of the misrepresentation. Examination of such testimony reveals that it was given in response to questions which assumed that the quantum of land involved in the misrepresentation was trivial.

For example, the testimony of L. H. Hardaway, Sr., was based upon the supposition that the only misrepresentation regarded a utility pole as part of the line, and the testimony of Ronnie Grizzard and Theodore Lewis was based upon the supposition that only one foot of frontage was misrepresented.

The finding of fact of the Chancellor, as previously affirmed by this Court, was that the line was falsely represented to include all of a driveway, when the correct line bisected the driveway. The basis of the questions directed to defendant's witnesses rendered their answers of little value if not completely valueless.

■ Generally the weight and credibility of the testimony heard orally is to be deter-

mined by the Chancellor and will not ordinarily be disturbed on appeal. *Ogle v. Trotter*, Tenn.App.1973, 495 S.W.2d 558.

The decree of the Chancellor is affirmed. All costs, including costs of this appeal, are taxed against appellant.

Affirmed.

SHRIVER, P. J., and DROWOTA, J., concur.