IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 22, 2004 Session

## JERRY LOU ROGERS v. DAVID STANLEY DAVIS and VANETTA DAVIS

**Direct Appeal from the Chancery Court for Polk County**
**No. 6921      Hon. Jerri S. Bryant, Chancellor**

**FILED MAY 26, 2004**

**No. E2003-01240-COA-R3-CV**

The Trial Court awarded plaintiff Judgment for rents on property occupied by defendants, but refused Judgment for defendants for improvements made by them to plaintiff's property. On appeal, we reverse and award defendants Judgment for improvements made to the property and modify plaintiff's Judgment for the rental value of land.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Reversed in Part, Modified in Part, and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., E.S., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

William P. Biddle, III, Athens, Tennessee, for Appellants.

Michael E. Jenne, Cleveland, Tennessee, for Appellee..

**OPINION**

Plaintiff's Complaint alleged that she was the owner of real property with a life estate, and defendants had entered on the land at issue in 1995 and made improvements without owning the property and further that they have refused to pay rent and taxes. The Complaint asked that a Judgment be entered for possession and that plaintiff recover all rents and profits of the land while defendants had been in possession and damages for waste or other injuries to the land, "as well as taxes which have yet to be paid by defendants."

In their Answer, defendants stated that the plaintiff was holding the five acres in trust for defendants, based upon representations and conduct of their parents C.L. and Nannie Davis during their lifetime. Further, defendants said in reliance upon the representations of their parents, that they constructed a valuable residence on the property and occupied the same with the full knowledge and consent of their parents. They admitted defendants should pay a reasonable rent to plaintiff for the use and occupancy of the land and any and all property taxes assessed against the property arising from the construction of their residence. Additionally, they countered that if they are evicted from the property that they have and recover from plaintiff the value of the residence to the extent that it enhanced the value of the property.

The parties are defendant, brother (and his wife) and sister, the Plaintiff. Their parents C.L. Davis and Nannie Davis, owned 130 acres in Polk County, Tennessee, as tenants by the entirety. C.L. died in 1996 and Nannie died on October 16, 1998.

The parents' home was on their 130 acre property, but during the last ten years of their lives they resided with the plaintiff, their daughter, whose home was also located on the parents' land.

Another sister had built a residence on her parents' property in 1978, and defendants were given permission by their parents to construct a log home on five acres of the 130 acres. Defendants began construction of their home in 1994 and built a log home on the property during the next year. At trial, defendants admitted that C.L. Davis told them he would not give them a deed. However, they testified he also assured them that he would "make it right".

The Last Wills of C.L. Davis and Nannie L. Davis were both executed on June 9, 1995. C.L. died in 1996 and Nannie died on October 16, 1998. The terms of their Wills are identical and the pertinent provisions of the Last Will and Testament of Nannie L. Davis are as follows:

> B. All my realty shall go to my daughter, Jerry Lou Rogers, for life with remainder to Tonya Lowe and Davis (Skip) Rogers. Both Judy Ann Bivens and David Stanley Davis were told that they would never receive a deed for the land they later built their houses on. They use the land only by permission which I in my lifetime could have revoked and afterward my devisees can revoke at will.

> C. My other children, viz: Judy Ann Bivens, David Stanley Davis, Don C. Davis, and Randall W. Davis, have not been the help to me and my spouse as have the legatees under this will and therefore I consider that what I may have already given them is their share.

After the mother's death, plaintiff offered to rent the property to defendants on a month-to-month basis, which defendants rejected, insisting that they wanted a long term lease. The parties stipulated at trial that plaintiff repudiated the Davis' claim to the property by letter of counsel dated March 7, 2001, and at trial the parties stipulated that the rental value of the five acres occupied by the defendants was $150.00 per month in its unimproved state.

Following trial, the Chancellor held defendants occupied and built a home on the land with the permission of their parents, and ordered that plaintiff recover of defendants a monthly rental of $150.00 per month for five acres from August 1994 through November 3, 2002, but ordered that defendants have and recover from the plaintiff the value of the improvements in the amount of $97,750.00, plus interest from the date of the entry of the Judgment. The judgments to be set off one against the other.

The Chancellor subsequently responded to a Motion to Alter and Amend the Judgment by ruling that the original Order should have stated the value of the unimproved land was $250.00 per month, and concluded that the plaintiff was entitled to $50.00 per acre per month for the five acres occupied by defendants. Further, that defendants never had color of title to the land and could only seek compensation for permanent improvements if they had a color of title. She denied the defendants any recovery for their improvements to the land.

Defendants have appealed raising these issues:

1.      The Court erred in finding that defendants may only seek compensation for improvements made to the plaintiff's property if they had color title.

2.      The Court erred in finding the rental value of the plaintiff's property was $250.00 a month, or that rent was due from January 1, 2000.

The Chancellor relied on our case of *Uhlhorn v. Keltner,* 723 S.W.2d 131 (Tenn. Ct. App. 1986), in revising the Judgment. *Uhlhorn* does not control the facts of this case. The Rule set forth in *Uhlhorn* applies to a party "for mistaken improvements" under Tenn. Code Ann. § 29-15-123[1]. In *Uhlhorn* the defendants made improvements to the land owned by the plaintiffs without plaintiffs' permission, but in the case before us, defendants occupied the land with a parent's permission for the purpose of improving the land by building their home.

The Rule in equity applicable here was set forth in *Ridley and Wife v. M'Nairy, et al.,* 21 Tenn. 175, 177 (Tenn. 1840), where the Court said:

We are of opinion that, where the owner of real estate puts a relative into possession thereof, for the purpose of cultivating and improving the same, under the promise of a future gift, and the occupier, influenced by such expectation, makes lasting and valuable improvements upon the premises, with the knowledge of the owner, such occupier will be entitled to the full value of the improvements, although they may

---

[1]Tenn. Code Ann. § 29-15-123 provides as follows:

**Improvement Set-Off** - Persons holding possession in good faith, under color of title, are entitled to have the value of their permanent improvements set-off against the rents and profits which the plaintiff may recover.

exceed the amount of the rents and profits.

This Rule was applied by this Court in *Sequatchie Coal Co., v. Sunshine C. & C. Co.,* 25 Tenn. App. 604, 166 S.W.2d 402 (1942). The rule is widely followed by American courts. In an early opinion by the Ohio Supreme Court, the rule was explained in *Preston v. Brown*, 35 Ohio State (1828, 1878):

> It is a familiar rule, which a court of equity always enforces, that if an owner of an estate stands by and suffers another, acting in good faith and without notice to the title, to place improvements thereon, which add permanent value to the estate, such improvements will constitute a lien thereon.

*Accord: Hugaty v. Bennett*, 568 S.W.2d 46, 264 Ark. 64 (1978).

The defendants were permitted by the owners to improve the land and equity, upon transfer by the owners to another, requires the later owner, who evicts, to reimburse the party who has improved the land under these circumstances.

The Chancellor found the value of the improvements to the land made by the defendants to be $97,750.00. The evidence does not preponderate against this value. Tenn. R. App. P. 13(d). We hold that defendants are entitled to recover from plaintiff this amount, plus interest from the date of the Trial Court's Judgment. In turn, the plaintiff is entitled to possession of the property and monthly rental for the unimproved land from and after the date of Nannie L. Davis' death, October 16, 1998 in the amount of stipulated rental value of the five acres of $150.00 per month, which will be set off against defendants' Judgment.

Defendants testified they paid taxes on the improved value of the land, but not the underlying land tax. In any event, the tax assessor testified as to the taxes owed on the land from 1996, including the land value and the improved value. The defendants will be required to reimburse plaintiff for all taxes on this land paid by plaintiffs from 1998 forward to the time plaintiff gets possession of the property. These amounts are set forth in the tax assessor's testimony in the record.

Plaintiff has raised the issue of admissibility of defendant's statement that his father told him he would be taken care of, and argues that this was an effort to vary the terms of the parents' Wills. The Will recites that defendants were told they would not receive a deed to the property, and indeed, defendant Davis admitted in his testimony that he was told he would not receive a deed to the property, but that in addition to the express permission to build, he was assured by his father that he would "be taken care of". This testimony would not be admissible in an attempt to vary the terms of the Will. However, it was admissible to explain defendants' actions.

Upon remand, a Judgment will be entered for the amount of the improvements to the land in favor of the defendants, and the plaintiff is entitled to set off the rental value of the land and the taxes paid by the plaintiff on this portion of the land as explained in this Opinion.

The cost of the appeal is assessed one half to each party.

 

 

 

_____
HERSCHEL PICKENS FRANKS, P.J., E.S.