IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 1, 2005 Session

# KEITH EDWARD GARRETT, v. PRISCILLA LOUISE GARRETT, et al., ESTATE OF LUTHER GASTON GARRETT

**Appeal from the Chancery Court for Fentress County**
**No. P-96-15    Hon. Billy Joe White, Chancellor**

_____

**No. M2002-03106-COA-R3-CV - Filed May 27, 2005**

_____

In this second appeal of this case, the Trial Court had ruled that appellee was entitled to a dwelling house and all improvements on land owned by the Deceased. Appellant appeals this and numerous issues. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the Opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Thomas Harding Potter, Nashville, Tennessee, for Appellant.

James P. Romer, Jamestown, Tennessee, for Appellee.

**OPINION**

**BACKGROUND**

This is the second appeal in this case, involving the distribution of the Estate of Luther Gaston Garrett. Our opinion in the first appeal recited that Luther Gaston Garrett left a holographic will which contained a specific bequest of land to his son, Keith, and then gave the remainder of his property equally to his six children. The Opinion stated that this dispute between Keith and his five siblings arose over how many acres were to be included in the bequest to Keith. The will states:

I give, devise and bequeath to my son, Keith Edward, and present wife, Pamela Jo Hurley Garrett, a certain tract of land more particularly described in a survey map attached to this document.

No survey was attached when the will was found.

This Court affirmed the Trial Court's ruling that Keith was to get 7 acres surrounding his house, and further ruled that the will was ambiguous because it referred to giving Keith a tract of land "more particularly described in the survey map attached". The Court then held that extrinsic evidence supported the Trial Court's ruling that Keith was to get a 7 acre tract, and not the entire 121 acres as Keith claimed. The Court reversed the Trial Court's ruling that David Garrett should also get a 7 acre tract around his house, because the will contained no such bequest.

After remand, the siblings filed a Motion asking the Trial Court to order a survey to determine the 7 acres to be given to Keith, and also asked that David be awarded the value of the improvements he made upon the property. Initially, the Trial Court Ordered that the seven acres awarded would be surveyed by Timothy Goad, and reserved the issue regarding the improvements made by David Garrett for an evidentiary hearing.

After proof and arguments were concluded, the Court found by clear and convincing evidence that David had supplied all the labor and materials for the house and the house belonged to him. The Court found that Gaston Garrett never exercised any control over the house and that David should pay Keith his 1/6th interest in the 7 acres the other siblings had deeded to David, and that the rest of the property should be sold and the proceeds divided. The Court further found the house was worth $30,000.00, and if this Court disagreed that the house belonged to David, then Keith would be also due $5,000.00 or 1/6th the value of the house.

The Court in its final Order stated that Keith would have the 7 acres as surveyed by Goad, and Ordered that David would have the 7 acres deeded to him by his other siblings (except Keith) but would pay 1/6th of the fair market value of the land to Keith. The Court then held that the fair market value of the land would be determined by selling the remainder of the property, and awarded the house and improvements made by David to David, free and clear from any claims of Keith. Keith has appealed and the record is before us based on a transcript prepared from tape recordings made during the discussion.

**DISCUSSION**

Keith has presented numerous issues. The first issue for consideration is whether the Trial Court abused its discretion by refusing to grant the parties time to complete discovery?

Keith argues the Trial Court abused its discretion in proceeding with the trial when discovery was incomplete. The record shows that this litigation had been pending for several years at the time of the hearing, but the discovery request filed by Keith was filed a week or two before the

hearing date, and the time for responding did not run by the hearing date. The record reveals no motion for a continuance was made prior to the hearing, nor any other efforts by Keith's counsel to have the hearing date postponed. Appellee argues that the discovery was responded to informally, and this claim is supported by the transcript, where several references are made by appellant's counsel regarding documents/names/information provided by David prior to the hearing. Moreover, there has been no showing of injustice or injury to Keith because the trial was able to proceed with all the necessary information and documentation being placed in the record. We conclude Keith has failed to show an abuse of discretion.

Keith argues that it was improper for the Trial Court to use the sales price of unimproved acreage to value Keith's 1/6th interest in David's 7 acre tract, since David had put improvements on that property. The improvements made were the building of a small house, digging a well, some tree cutting/landscaping, etc., and they were all made and paid for by David, and the Court awarded those improvements to him. Thus, David was ordered to pay Keith his 1/6th value of the land which David had improved, and there appears no basis to treat the property any differently than the rest of the acreage, since David was found to be the sole owner of the improvements.

Both parties point this Court to the case of *Haynes v. Cumberland Builders, Inc.*, 565 S.W.2d 887, 888 (Tenn. Ct. App. 1978), wherein this Court said, "The sales price of similar land is some evidence of value of land in issue. . . . A fortiori, the sales price of the very land in question is evidence of its value." The fact that David improved the property should not impact on the valuation question, since the improvements were made by David and awarded to David free and clear of any claims by the siblings . The evidence supports the Trial Court's ruling on the valuation issue.

Keith argues the Trial Court erred in finding that decedent owned three tracts of land rather than two, but he fails to show how this affected the outcome in any way, or how this even amounts to a justiciable issue. The Court's statements regarding the number of tracts is of no consequence, since the Court ordered that all remaining property would be sold and the proceeds divided.

Next Keith argues it was error for the Court to allow Paula, David's wife, to stay in the courtroom during the entire trial. Keith concedes that the Court should not grant relief to a party who failed to take reasonable action to prevent error by objecting to same. The transcript shows that Keith was given the opportunity to voice an objection regarding Paula's presence in the courtroom, and he failed to do so. Moreover, he did not object to her testifying after she had been in the courtroom during other testimony. The record establishes that Keith waived the right to pursue this issue on appeal.

Keith argues that David should not have been awarded the improvements he made on the property because he had no color of title when he made the improvements. Keith testified that he did some of the work on the improvements, and when asked if he and David had agreed to "trade" their services, Keith replied that David "might have" understood that. Keith admitted that he had never sought payment for any of his services from David.

David urges that this case is controlled by the principles stated in *Ridley v. McNairy*, 21 Tenn. 174 (1840), which held:

> where the owner of real estate puts a relative into possession thereof, for the purpose of cultivating and improving the same, under the promise of a future gift, and the occupier, influenced by such expectation, makes lasting and valuable improvements upon the premises, with the knowledge of the owner, such occupier will be entitled to the full value of the improvements, although they may exceed the amount of the rents and profits.

In that case, McNairy told Ridley, who was married to his niece, that he should build a home and other improvements on certain land owned by McNairy and basically treat the land as his, and that it would be his one day. The property was never deeded to Ridley, however, and the Supreme Court found that Ridley was entitled to the improvements he made on the land, based on the above-quoted language. *Accord: Rogers v. Davis*, 150 S.W.3d 158 (Tenn. Ct. App. 2004).

In this case, the evidence establishes that David built his house and made other improvements to the land with his father's permission. All witnesses other than Keith testified that his father intended David to have 7 acres around the house, just as he did for Keith. The Trial Court correctly awarded David the improvements on the land free and clear from any claim by Keith.

Keith raises issues regarding contradictory statements made by David while testifying, and a purported "lack of foundation" for David's testimony due to his inability to remember certain details. A review of the evidence shows these issues to be without merit. Keith is basically taking issue with David's credibility as a witness, but the Trial Court is the best judge of witness credibility, and the Trial Court's judgment is entitled to great weight on appeal. *Adelsperger v. Adelsperger*, 970 S.W.2d 482 (Tenn. Ct. App. 1997).

Finally, Keith argues that David should not have been granted relief by the Trial Court because he came to court with unclean hands. He argues that David somehow acted wrongfully in building the house on his father's land, even though he had permission, and that his siblings acted wrongfully by deeding the land around David's home to him. These facts do not establish a basis for finding "unclean hands". This issue is also without merit.

David argues that the appeal filed by Keith is so lacking in justiciable issues that it should be deemed frivolous pursuant to Tenn. Code Ann. §27-1-122. While the appeal contains many issues that are devoid of merit, we conclude that a basis has not been established to invoke Tenn. Code Ann. §27-1-122.

For the foregoing reasons, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Keith Edward Garrett.

_____
HERSCHEL PICKENS FRANKS, P.J.