**TEXAS CO. et al. v. DAVIS et al. (No. 3679.)**

(Supreme Court of Texas. Oct. 31, 1923.)

**Mines and minerals ⚖=78(2)—Clause requiring payment of annual rental to avoid forfeiture for failure to drill held not operative on completion of well.**

Where an oil and gas lease provided that, if drilling operations were not commenced and prosecuted within two years from date, the lease should be forfeited and void, unless lessee paid annual rental until such well was commenced, the rental clause was not operative, once a well was commenced and completed; the payment of rentals authorizing merely a delay in drilling.

Error to Court of Civil Appeals of First Supreme Judicial District.

On motion for rehearing. Rehearing overruled.

For former opinion, see 254 S. W. 304.

GREENWOOD, J. Defendants in error have filed a motion for rehearing and supporting arguments, which challenge the correctness of the conclusion that the "payment clause had no relation to anything save prevention of a forfeiture from failure to drill within two years from the date of the grant." It is earnestly insisted that our holding should have been that completion of a producing well, without anything more being done, continued the grant in force for the full term of 25 years.

Our conclusion is not accurately expressed in the quoted portion of the opinion, which was prepared under the stress of the closing days of last term. The provision for annual payments of $10 each was inserted in the lease, not to change the estate granted, but merely to enable the lessee to postpone drilling, after the expiration of 2 years. Without the clause, failure to commence drilling operations within 2 years, or to prosecute them, after being so begun, with due diligence, annulled the grant. With the clause, though no well had been commenced within the 2 years, the lessee might defer drilling for no longer than a reasonable time, on making the stipulated payments.

Since the payment of rentals authorized merely delay in drilling, the clause concerning it was no longer operative, once a well was duly commenced and completed. Nothing could have been further from the minds of the parties, as disclosed by the entire writing, than that after the land was found to contain oil or gas, in paying quantities, it must remain wholly unproductive in the event the lessee elected to pay $10 per annum. Rorer Iron Co. v. Trout, 83 Va. 409, 2 S. E. 713, 5 Am. St. Rep. 285.

The clause had two purposes essentially for the benefit of the lessee. The first purpose was to secure an option to make the small payments in lieu of development for a term beyond the two years. The second and perhaps the chief purpose was to make entirely clear that the lessee was not to be required to pay rentals after he had sunk a well and decided the enterprise could not be made profitable. The Law of Oil & Gas, 18 Michigan Law Review, pp. 655, 660; Parish Fork Oil Co. v. Bridgewater Gas Co., 51 W. Va. 583, 42 S. E. 655, 59 L. R. A. 571. The clause was plainly not intended to defeat the dominant purpose of both contracting parties, which was the production of minerals for mutual profit.

The original opinion disposes of all other questions presented by the motion, which is overruled.