## COLEMAN v. LOONEY et al.

### No. 13117.

Court of Civil Appeals of Texas.
Fort Worth.

April 12, 1935.

Rehearing Denied June 21, 1935.

Bryan, Stone, Wade & Agerton and Oliver W. Fannin, all of Fort Worth, for appellant.

Davis, Jester & George, of Corsicana, for appellees.

BROWN, Justice.

E. T. Ustick filed suit in the district court of Tarrant county, complaining of -R. B. Bishop and wife, Mary Bishop, and of Ida M. Looney, alleged to be a feme sole, asking for judgment against Bishop and wife on a note for $11,000, executed by them on December 22, 1923, payable on January 1, 1926, in Tarrant county, and for foreclosure of a deed of trust lien upon two tracts of land, lying in Johnson county, Tex., aggregating 131½ acres, given by Bishop and wife to secure the note, and alleging that Ida M. Looney was asserting some right, title, or interest adverse to the plaintiff's rights, and praying for foreclosure against any such right or claim.

Ustick died on November 6, 1931, and his death being suggested, the court permitted the executor of his will to be substituted as plaintiff in the cause, and such executor, Frank B. Coleman, filed an amended petition on which he complained of Ida M. Looney and her husband, Charles Looney, and prayed that he have judgment establishing the debt evidenced by the Bishop note, together with a foreclosure of his deed of trust lien; that the lands be sold and the proceeds be applied in satisfaction of the debt. Bishop was dead when the amended pleading was filed. In such pleading, the plaintiff alleged certain agreements between Ustick and Bishop to extend the payment of the note, but the allegations show that no extension agreement was made in writing and filed for record; that two written indorsements were made on the note, one extending payment until January 1, 1927, and the other until January 1, 1930.

Mrs. Looney and husband pleaded that she became the purchaser, for value, of two purchase-money notes, duly executed and secured by a vendor's lien against the lands in controversy, together with the liens, titles, and rights incident thereto; that the debts and liens were twice extended in writing, and the extension agreements placed of record, in Johnson county, thereby giving notice to Ustick of the outstanding debt and lien against the premises; that neither of her notes was barred by the statute of limitation, when Ustick made his loan to Bishop and took his inferior lien to secure same; that Bishop, being unable to pay the notes, on June 16, 1930, deeded the lands to her in satisfaction of the notes; that at such time she neither had actual nor constructive notice of any right claimed by Ustick; that she thereby became an innocent purchaser for value; that Ustick's debt and lien are barred by limitations and were

barred when she purchased the lands; and, as cross-plaintiffs, Mrs. Looney and husband alleged that the lands were not worth the amount paid by her for the first lien notes, and that it would be inequitable to compel the property to be sold, and the proceeds first applied to her debt, she having pleaded in the alternative that if she did not have the title fully vested in her by her deed from Bishop, nevertheless she was equitably entitled to have her first lien debt established and her lien foreclosed as against Ustick's inferior claim. She also prayed that her title be quieted and the cloud cast upon it by Ustick's lien be removed.

Ustick's executor asserted that the vendor's lien notes acquired by Mrs. Looney were outstanding when Bishop bought the lands; that in fact Bishop bought the notes and transferred them to Mrs. Looney; that there was a merger of estates, and such merger served to destroy the lien claimed by Mrs. Looney and made Ustick's lien a first lien against the premises.

Mrs. Looney asserted that Bishop bought the notes for her, acting as her agent.

Ustick's executor contends that certain extension agreements, executed to Bishop by the former owner of the two Looney notes, in which one of the notes is described by the wrong number and in which, an effort being made to correct such error, the recitation is made that the lien exists only on the 81½-acre tract, is binding upon Mrs. Looney, and cannot be corrected at this late hour. But Mrs. Looney pleads the actual facts and prays for a reformation of the instrument, if necessary for her relief.

The case being tried to a jury, a verdict was returned finding: (1) That Mrs. Looney agreed to purchase the two notes prior to December 30, 1925; (2) that in taking the transfer of the notes to himself Bishop was acting for Mrs. Looney; (3) that it was not the intention of the owner of the notes and Bishop, the owner of the lands, in the execution of the extension agreement that the lien against the 50-acre tract be released; (4) that Mrs. Looney did not agree to purchase the notes from Bishop subsequent to January 2, 1926; (5) that Bishop did not purchase the notes for himself; (6) that it was not the intention of the owner of the notes (Mrs. Best) by the instrument dated February 12, 1923, to release the lien against the 50-acre tract.

On this verdict the district court rendered judgment finding from the undisputed evidence that the market value of the lands in controversy on June 16, 1930, was less than the indebtedness held against it by Mrs. Looney, and that at the time of trial such market value was far less than such debt, and that at a sheriff's sale the property would not bring the amount of Mrs. Looney's debt, and that it would be useless to order a sale of the land for any purpose; and the court rendered judgment that Ustick's executor take nothing against Ida M. Looney and husband, Charles Looney; denying such plaintiff a foreclosure of his asserted lien, and removing the cloud cast upon Mrs. Looney's title to the two tracts of land, by Ustick's asserted lien.

■ From this judgment, Ustick's executor has appealed.

Appellant's contention that Mrs. Looney is not a bona fide purchaser without notice of Ustick's claim is not well taken.

The recorded instrument under which Ustick claims his lien discloses that his debt matured January 1, 1926. The fact that his deed of trust recites that it is the only lien against the premises does not alter the situation. The deed records of Johnson county put Ustick upon notice that the two vendor's lien notes were then outstanding.

If we view the situation correctly, the advancements made by Mrs. Looney, in effect, constituted a new loan to Bishop, to take up and extend the valid first lien debt. Mrs. Looney, having parted with her moneys, under such circumstances, is protected. Later, when Bishop defaulted and was pressed by Mrs. Looney for payment of the notes, the records of Johnson county disclosed no extension of Ustick's debt and lien, but from the records it appeared barred by limitations. It is undisputed that Mrs. Looney had no actual notice of any extension of Ustick's debt, and there being no constructive notice to her, she took the deed from Bishop in satisfaction of the advancements made for his use and benefit, and was a purchaser in good faith, without notice of Ustick's claim.

The principle announced in Barrett et al. v. Eastham Bros. (Tex. Civ. App.) 86 S. W. 1057, seems, to us, to be applicable here.

At best, Ustick had the right of redemption. This was tendered him, and he refused to exercise it, obviously, because the

lands were not worth the amount of the first lien debt.

The contention that there was a merger of estates, when Bishop took the notes from the owner, is not well taken.

In the first place, the evidence shows that he was not acting for himself, but for Mrs. Looney, who furnished the funds for the purchase of the notes, and the jury so found. The question of whether or not a merger takes place undoubtedly depends upon what was intended to be done by the person in whom the estates are here vested. Where it is shown that no such intention existed, a merger of the estates will not be decreed. The record here does not show that Bishop had any such intention. Humphreys-Mexia Co. et al. v. Gannon et al., 113 Tex. 247, 254 S. W. 296, 29 A. L. R. 607; Beeler et al. v. Terrell et al. (Tex. Civ. App.) 245 S. W. 459.

There was evidence to support the jury's findings. The trial court committed no error in the admission of the evidence. The charge of the court is not tainted with error.

All assignments of error, having been considered by us, are overruled, and the judgment of the trial court is affirmed.