## WEST v. SEIGLER.

No. 15478.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 22, 1954.

Rehearing Denied Feb. 26, 1954.

art. 2524–1, V.A.T.S., for a declaratory judgment establishing his interest in 1/16th of 7/8ths of the minerals in 86.675 acres of land, until he has received $75 per acre from 1/16th of 7/8ths of the minerals produced therefrom. Judgment was for appellee, and appeal was perfected.

On January 1, 1944, the United States of America conveyed to appellee 86.675 acres, reserving from said conveyance 3/4ths of the oil, gas, coal and other minerals upon, in and under said land.

On June 5, 1947, appellee and his wife conveyed to appellant all their interest in and to the oil, gas and other minerals in said tract, which was an undivided 1/4th interest, reserving therefrom 1/4th of the usual 1/8th royalty. In said deed of conveyance there appeared the following provisions:

"The grantors herein further contract and agree that should they subsequently acquire title to the remaining undivided 3/4 interest in and to the oil, gas and other minerals in and under the land above described, or to any fractional part thereof, that in such event and immediately thereupon they will grant, sell, convey and deliver, and by these presents for the same consideration hereinbefore recited, they do hereby grant, sell, convey and deliver unto the said Gordon T. West all of such after acquired interest subject to the following reservation from such after acquired interest:

"A. The grantors out of such after acquired mineral interest, reserve to themselves their heirs and assigns, three-fourths (3/4) (or such fractional part thereof as may be hereafter acquired of the usual one-eighth (1/8) royalty) which covers oil royalty, gas royalty, casinghead or gasoline royalty and royalty in other minerals which might be produced from any of the above described land.

"The grantors further reserve to themselves, their heirs and assigns, 1/16 of 7/8 of all oil, gas or other min-

Rogers & Eggers and Guy Rogers, Wichita Falls, for appellant.

Bullington, Humphrey, Humphrey & Fillmore and Lee Humphrey, Wichita Falls, for appellee.

BOYD, Justice.

Appellee Dave H. Seigler filed this suit against appellant Gordon T. West under

erals which may be produced and saved from the land herein described, free of cost of operation and production and free of gross production and pipeline taxes, until such reserved minerals, at their market value at the time the same are delivered to the pipeline, aggregate the sum of $75.00 per acre for the acreage which shall have vested in the grantees as herein described, no more and no less, whereupon this reservation shall cease and title to such reserved minerals shall then vest in the grantees, their heirs and assigns."

On July 1, 1948, appellant acquired an oil and gas lease, covering the Government's ¾ths mineral interest in the tract of land involved in this suit, subject to a royalty reservation of ¾ths of ⅛th. Oil in paying quantities is being produced from the land.

On February 19, 1952, the United States conveyed to appellee all the mineral interest reserved in its conveyance dated January 1, 1944.

It is appellant's position that he has acquired nothing by virtue of the provision in appellee's deed to him whereby appellee undertook to convey any and all interest in the minerals that appellee might subsequently acquire, because he says that he had already bought from the Government and paid for ⅞ths of the minerals reserved by the Government in its first deed to appellee; and that appellee, after the Government executed the lease to appellant, acquired by the last conveyance only the Government's royalty interest and possibility of reverter. Appellant contends, therefore, that if he is compelled to pay to appellee ¹⁄₁₆th of ⅞ths of the minerals, he would in effect be paying twice for that interest.

Appellee, on the other hand, insists that appellant now owns all the minerals subject to the ⅛th royalty reservation and the reservation of the ¹⁄₁₆th of the ⅞ths, and the lease is now merged with the full fee simple title in appellant, and is therefore terminated.

An oil and gas lease is a conveyance of minerals and the lessee holds a determinable fee. Shell Oil Co., Inc., v. Howth, 138 Tex. 357, 159 S.W.2d 483; Texas Co. v. Davis, 113 Tex. 321, 254 S.W. 304, 255 S.W. 601; Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S.W. 290, 29 A.L.R. 566; 31 Tex.Jur., p. 590, sec. 46; W. T. Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W.2d 27. The title reverts to the lessor when the lessee fails to perform his obligations under the lease. By his lease from the Government, appellant acquired title to ⅞ths of the minerals reserved by the United States in its first conveyance to appellee. He owed, however, the duty faithfully to perform the covenants of the lease and the failure to do so would terminate his interest in the property. Without setting out his obligations under his lease, we find that they were onerous. When appellee purchased the Government's remaining interest in the minerals, all the title he thereby acquired passed to appellant by virtue of appellee's deed dated June 5, 1947. Although on July 1, 1948, appellant paid the Government the full consideration for the lease, by the acceptance of the deed from appellee of June 5, 1947, he agreed to pay to appellee ¹⁄₁₆th of ⅞ths of the minerals produced from the premises in consideration of the conveyance to him by appellee of any title he might thereafter acquire in the minerals. Had appellant not acquired the lease, it appears that he would now own all the minerals subject to the reservation of ⅛th as royalty and ¹⁄₁₆th of ⅞ths for the consideration expressed in appellee's deed to him. But we do not believe that his act in purchasing a lease from the Government, after entering into the contract with appellee, relieved appellant of the obligation to pay appellee the consideration thereupon agreed to, should appellee thereafter acquire any additional interest in the minerals.

We are not unmindful of the rule that the doctrine of merger of estates is not favored. Generally, it does not apply where it is the intention of the parties that it should not and when it is to the

interest of the holder of the two estates to keep them separate. Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 254 S.W. 296, 29 A.L.R. 607; 31 C.J.S., Estates § 124, p. 143. It must be borne in mind, however, that when a greater and lesser estate unite in the same person, in the same right, and without any intervening estate, merger is accomplished, except in some instances where it is shown that it was the intention of the holder that the estates remain separate. York v. Robbins, Tex.Civ.App., 240 S.W. 603.

■ Appellant now owns all the mineral interest that was reserved by the United States in its first conveyance to appellee, subject to appellee's royalty reservation and the reservation of 1/16th of 7/8ths of the minerals; whereas before acquiring such interest he owned a determinable fee in 7/8ths of the minerals. We believe that appellant's determinable fee acquired by the lease is now merged in his full and perpetual mineral estate, free of any obligations except to pay the royalty and 1/16th of 7/8ths of the minerals produced from the land. Smith v. Cooley, Tex.Civ.App., 164 S.W. 1050, writ refused; Hoover v. General Crude Oil Co., Tex.Civ.App., 206 S.W.2d 139; Thornton, The Law of Oil and Gas, sec. 118.

If it could be said that appellant's determinable and perpetual mineral estates have not merged, and that the leasehold estate is still separate and intact and the duty to perform the obligations of the lease still preserved, appellant owes that duty to himself. He is both obligor and obligee. We do not believe that the anomalous situation of a person in a position to forfeit rights to himself, or to sue himself to enforce the performance of obligations, should be recognized to prevent a merger of estates in this case.

For the same consideration recited in the deed to him from appellee, appellant bought "any fractional part" of the minerals theretofore reserved by the United States which appellee might thereafter acquire; and by the acceptance of the deed appellant agreed that appellee should reserve the royalty and 1/16th of 7/8ths of any subsequently acquired mineral interest. The court found that such acquisition and transfer had been accomplished.

■ Appellant says and appellee concedes that in no event is appellee entitled to more than 1/16th of 7/8ths of the minerals until such interest equals $75 per acre for 3/4ths of 86.675 acres. The judgment is therefore reformed to adjudge that appellee is entitled to 1/16th of 7/8ths of the minerals produced from this tract of land until he has received $75 per acre covering an aggregate of 65.00625 acres, and as reformed, the judgment is affirmed. The costs in the trial court are adjudged against appellant, and the costs of the appeal are adjudged against appellee.

### On Motion for Rehearing.

Appellant calls attention to some inaccurate statements in our opinion. Where we said that on Feb. 19, 1952, the United States conveyed to appellee all the mineral interest reserved in its deed of Jan. 1, 1944, we should have said that it conveyed all the mineral interest owned by it on Feb. 19, 1952. And appellant did not by his lease acquire "7/8ths of the minerals reserved by the Government in its first deed to appellee," but he bought only a fee simple determinable title to such seven-eighths. It is thought that the other recitations in our opinion make our meaning clear, but we are glad to clarify the points as requested by appellant.

In his able motion for rehearing appellant insists that we erred in holding that appellee's right to 1/16th of 7/8ths of the minerals has accrued. The question is not free from difficulty, but we are not convinced that we should recede from our original view; and accordingly the motion for rehearing is overruled.