Robert C. AUSTIN and Andra Bibb, Independent Executors and Trustees of the Estate of Andrew Jack Day, Jr., Deceased, Appellants,

v.

Don BICE, et ux, Appellees.

No. 6092.

Court of Civil Appeals of Texas, Waco.

Aug. 30, 1979.

Rehearing Denied Oct. 4, 1979.

Edmund R. Wood, Richard F. Martin, Chancellor & Wood, Dallas, for appellants.

Kent D. Kibbie, Jay S. Garrett, Charles Florsheim, Law, Snakard, Brown & Gambill, Fort Worth, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Austin and Bibb, Independent Executors and Trustees of the Estate of Andrew Jack Day, Jr., Deceased, from judgment against them in their representative capacities for $60,568. on notes made or assumed by Day as consideration for purchase of land from plaintiffs.

Plaintiffs Bice sued defendants Austin and Bibb, Independent Executors of the Estate of Andrew Jack Day, Jr., alleging that on March 14, 1975 plaintiffs conveyed 382.85 acres in Bosque County to Andrew Jack Day, Jr.; and delivered a General Warranty Deed to Day to such land; that such deed was recorded on March 18, 1975; that as a part of the consideration for the conveyance Day executed and delivered to plaintiffs his promissory note for $182,-360.75, bearing interest at 8%, and payable in semiannual installments, and secured by Deed of Trust upon the property; that as further consideration Day assumed payment of the remaining $15,000. due on a note dated January 4, 1966 bearing 5% interest executed by A. C. Lewis and payable to J. R. Echols (and assumed by plaintiffs) and secured by Deed of Trust lien on the property; and as further consideration Day assumed payment of a $12,788. note dated July 8, 1969 bearing 6½% interest executed by plaintiffs and payable to A. C. Lewis, and secured by Deed of Trust lien on the property; that Day made all principal and interest payments due on the above notes from March 14, 1975 until his death on January 1, 1977; that after Day's death defendants made no payments on the three notes; that plaintiffs accelerated the matu-

rity of the $182,360. note and caused trustee's sale to be made of the property; that plaintiffs bought in the property at the trustee's sale on June 7, 1977 for $150,000. applying such on Day's note.

Plaintiffs sought judgment for the deficiency on the $182,360.; plus balances due on the two notes assumed.

Trial was to the court which rendered judgment for plaintiffs for: 1) $12,000. unpaid principal on the Lewis to Echols note assumed by Day; 2) $12,778. unpaid principal on the Bice to Lewis note assumed by Day; 3) $27,360. unpaid principal on the $182,360. Day to Bice note; and $8,430. attorneys' fees. (Totalling $60,568.).

Defendants' Executors appeal on 12 points.

Points 1 through 7 challenge the validity and measure of damages awarded on the two assumed notes.

Defendants assert the deed to the 382.85 acres was never delivered to Day or accepted by him; that the trial court erred in finding that the Echols and Lewis notes were secured by the 382.85 acres; and further erred in awarding judgment on the Lewis note for $12,000., and for $12,778. on the Echols note.

The deed to the 382.85 acres from the Bices to Day recited that Day "assumes and promises to pay * * * all principal and interest now remaining unpaid" on the Echols note (describing same in detail); and further that Day "assumes and promises to pay * * * all principal and interest now remaining unpaid" on the Lewis note (describing same in detail). The evidence is that such deed was executed by plaintiffs in the law office of Honorable Floyd R. Wilson in Meridian, Texas, and in the presence of Wilson and Day; that a Deed of Trust was also executed naming Wilson as trustee; that following execution plaintiffs and Day delivered the documents to Wilson who filed them in the deed records of Bosque County; that Day thereafter made all payments on the Echols and Lewis notes when said payments were due for some two years and up to the date of his death in January

1977; that both the Echols and Lewis notes were set up on Day's books; that such books reflect Day's payments on the notes to plaintiffs; that after Day's death the 382.85 acres were reported as an asset of his estate on the Inventory filed by the estate and the two assumed notes were reported as liabilities of the estate; that the original deed is in the possession of defendants; and that Day paid taxes on the 382 acres from March 14, 1975 until his death. The defendants have refused to make any payment on any of the three notes and totally repudiated the debt and assumption contract.

■ Filing of the deed for record creates a presumption of delivery to and acceptance by Day of the deed. *McAnally v. Texas Co.*, 124 Tex. 196, 76 S.W.2d 997; *Hunter v. Meshack*, Tex.Civ.App. (Tyler) NRE, 471 S.W.2d 155; and the payments on the notes assumed or executed creates a presumption of delivery to and acceptance by Day of the deed. *Bibby v. Bibby*, Tex.Civ.App. (El Paso) Er. Dism'd 114 S.W.2d 284.

And there is no evidence that the deed was not delivered to and accepted by Day.

There is evidence that the Echols and Lewis notes were secured by the 382.85 acres.

■ The record is clear that defendants committed an anticipatory breach of Day's assumption agreement by failure to pay on any of the notes, and their declaration of intent in unconditional terms not to pay on such notes as they matured in the future. *Preston v. Love*, Tex.Civ.App. (Austin) NWH, 240 S.W.2d 486; *Kilgore v. Northwest Texas Baptist Educational Soc.*, Tex. Sup., 37 S.W. 598.

■ Once a contract is totally repudiated, action is maintainable in one suit for the entire breach and judgment may be had for the present value of all damages plaintiff would have received if the contract had been performed; and plaintiff is not compelled to resort to repeated suits to recover periodic payments. *Pollack v. Pollack*, Tex. Com.App., 39 S.W.2d 853; *American Founders Life Insurance Co. v. Wehling*, Tex.Civ.App. (Austin) NWH, 561 S.W.2d

911; *Continental Casualty Co. v. Boerger,* Tex.Civ.App. (Waco) Er. Dism'd, 389 S.W.2d 566.

Points 1 through 7 are overruled.

Points 8 through 10 assert the trial court erred in finding plaintiffs made no demand for interest in excess of 10% on the note executed by Day on March 14, 1975, and erred in finding there was no demand for usurious interest.

After Day's death and after defendants refused to make payments on the three notes, plaintiffs accelerated the notes, and caused the trustee under the Deed of Trust to sell the 382.85 acres to satisfy the $182,-360.75 note; bought in the property for $150,000; then on September 13, 1977 plaintiffs' counsel wrote a letter to defendants reciting that they represented plaintiffs, that plaintiffs had purchased the property at trustee's sale for $150,000. and that "after applying the proceeds of such sale, i. e. $150,000. against the amounts owing pursuant to the note and deed of trust, a balance of $112,425.02 remains due and payable. If such amount is not received in this office within 10 days * * * I have been instructed [to sue]."

After receipt of such letter by defendants, counsel for defendants telephoned counsel for plaintiffs to clarify the letter and counsel for plaintiffs responded with a detailed breakdown which reflected that the $112,425.02 figure was for 1) The Echols note computed to be $12,852.56; 2) The Lewis note computed to be 12,778.; 3) The Day note computed to be $203,544.46; 4) A claim for property removed from the ranch valued at $33,250.; adding up to $262,-425.02, less the $150,000. bid at the trustee's sale equalling $112,425. The $203,544.46 asserted to be due on the Day note was further explained to represent $182,360.75 principal plus $11,491.22 interest, and a $9,692.59 trustee's fee.

The ambiguity in counsel's letter of September 13, 1977 was determined by the trial judge to be explained in a manner precluding the charge of usurious interest, and the evidence is ample to support such findings.

Points 8 thru 10 are overruled.

Points 11 and 12 contend the trial court erred in awarding plaintiffs' attorneys' fees of $8,430.

At the trial it was stipulated and agreed that certain sums of money determined by the time spent by counsel multiplied by an agreed hourly rate would be recoverable as attorneys' fees upon finding by the trial court that one party or the other was entitled to recover attorneys' fees.

The plaintiffs won principal recovery upon the note signed by Day which provided for recovery of reasonable attorneys' fees.

The trial court found that plaintiffs were entitled to recover reasonable attorneys' fees in the amount of $8,430. for the time expended by plaintiffs' attorneys.

The trial court correctly awarded $8,430. as reasonable attorneys' fees based upon the stipulation of the parties and the express terms of the note. *Kuper v. Schmidt,* Tex.Sup., 338 S.W.2d 948; *Southland Capital Corp. v. Clark,* Tex.Civ.App. (Waco) NRE, 526 S.W.2d 278.

Plaintiffs' cross point complaining the trial court erred in failing to render judgment for them for prejudgment interest on the Day note has been considered and is overruled.

AFFIRMED.