**Robert R. MARTIN & Evelyn M. Martin, Appellants,**

v.

**UVALDE SAVINGS AND LOAN ASSOCIATION, Appellee.**

No. 04–88–00434–CV.

Court of Appeals of Texas, San Antonio.

July 19, 1989.

John W. Hennessey, Corpus Christi, for appellants.

Paul J. Tarksi, Uvalde, for appellee.

Before CADENA, C.J., and BIERY and BISSETT, JJ.

## OPINION

BISSETT, Justice.[1]

This is an appeal from a summary judgment granted in favor of Uvalde Savings and Loan Association ("plaintiff") in a deficiency action stemming from a real estate transaction lawsuit against Robert R. Martin and Evelyn M. Martin, ("defendants"). We affirm.

Plaintiff filed suit to recover the deficiency balance of $44,031.94 remaining due and unpaid after defendants' property had been sold at trustee's sale with all proceeds credited against the unpaid principal, accrued interest and late charge balance owed by defendants. Plaintiff also sought reason-

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas, pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1988).

able attorney's fees and a declaratory judgment rendering the general warranty deed from defendants to plaintiff, hereinafter particularly described, null and void or, in the alternative, to rescind it retroactive to the date of its filing.

Defendants filed a counterclaim and a cross-action against plaintiff and James W. Phillips, Substitute Trustee, for damages and attorney's fees. The trial court initially denied plaintiff's motion for summary judgment but subsequently granted it on July 5, 1988. The trial court, in the summary judgment, awarded to plaintiff the amount of the deficiency ($44,031.94) owed by defendants, prejudgment interest in the amount of $4,179.56, attorneys fees of $12,000.00, plus an additional $7,500.00 in the event of an appeal to the court of appeals, and an additional $7,500.00 in the event of the filing of an application for writ of error in the Texas Supreme Court, the additional sum of $5,001.60 as Trustee's fee, postjudgment interest at the rate of 10% per annum, and declared the general warranty deed to be null and void. The judgment also dismissed with prejudice defendants' counterclaim and cross-action.

Defendants bring forward four points of error. They contend in their first two points that the trial court erred in granting plaintiff's motion for summary judgment because there were fact issues which precluded summary judgment, and in particular that there were fact issues as to whether plaintiff accepted the deed executed by defendants to plaintiff. We do not agree.

Plaintiff, in its motion for summary judgment and in its summary judgment proof, alleged and proved the facts which we summarize in the following numbered paragraphs 1, 2, 3, and 4.

1. On June 30, 1983, defendants borrowed $90,000.00 from plaintiff as evidenced by an adjustable rate note executed by the defendants and payable to plaintiff. Simultaneously with the execution of the note, defendants executed and delivered a deed of trust, conveying to Thomas A. Hardin, Trustee, for the benefit of plaintiff, certain real property situated in the City of Corpus Christi, Nueces County, Texas.

2. The deed of trust provided that in the event of default in the payment of the note, plaintiff could request the Trustee, or a Substitute Trustee, to sell the property at public auction for cash. All reasonable costs and expenses of the sale as well as the full amount of principal, interest and other charges due and unpaid on the note were to be paid from the proceeds of said sale, with the balance of such sales price, if any, remitted to defendants or other persons legally entitled thereto.

3. Plaintiff is the legal owner and holder of the note. It made presentment and formal written demand upon defendants on July 7, 1987 to pay the note, which was then in default. Defendants failed and refused to pay the note or any part thereof. By a warranty deed dated July 23, 1987, defendants unilaterally attempted to convey the property covered by the deed of trust to plaintiff, thereby attempting to effect the full settlement of their indebtedness to plaintiff without recourse for any deficiency against defendants. Plaintiff called upon James Phillips, Substitute Trustee, to proceed with a foreclosure sale of the subject property in accordance with the terms of the deed of trust. The Substitute Trustee, on August 11, 1987, posted notices of sale and notified defendants that he proposed to sell the property covered by the deed of trust at Trustee's sale on September 1, 1987. On the date stated in such notice, September 1, 1987, the subject property was sold at public auction conducted by the Substitute Trustee at the door of the Courthouse of Nueces County, Texas. The sales price bid by and received from plaintiff, the highest bidder, was $56,000.00. A trustee's deed was then executed and delivered by the Substitute Trustee to plaintiff.

4. The entire $56,000.00 sales price was credited by plaintiff against the unpaid principal, accrued interest and late charge balance owed by defendants, leaving a deficiency balance due on September 1, 1987, of $44,031.94.

In addition to the facts proven by documentary evidence set out in the foregoing paragraphs 1, 2, 3, and 4, plaintiff attached to his motion for summary judgment the

affidavit of Thomas W. Hardin, president of the Uvalde Savings and Loan Association and the affidavit of James W. Philips, the vice president of Uvalde Savings and Loan Association. Each testified that each has personal knowledge of the facts contained in his respective affidavit. Each testified, in relevant part, as follows:

UVALDE SAVINGS AND LOAN ASSOCIATION is the holder and owner of the Adjustable Rate Note, dated June 30, 1983 and executed by ROBERT R. MARTIN and EVELYN M. MARTIN. The Note is in default and past due.

It was not the intention of UVALDE SAVINGS AND LOAN ASSOCIATION that a merger of estates would be caused or effected by the attempted conveyance to it by EVELYN M. MARTIN and ROBERT R. MARTIN via the Warranty Deed executed July 23, 1987 to UVALDE SAVINGS AND LOAN ASSOCIATION of the property (described in the affidavit). UVALDE SAVINGS AND LOAN ASSOCIATION intended for the mortgage, in the form of the Deed of Trust, and its attendant obligations to remain valid and effective, thereby entitled UVALDE SAVINGS AND LOAN ASSOCIATION to proceed under the Power of Sale provisions therein and proceed to seek a deficiency judgment thereafter, if necessary.

The Adjustable Rate Note executed by ROBERT R. MARTIN and EVELYN M. MARTIN on June 30, 1983 in the original principal amount of $90,000.00 has not been cancelled or surrendered to ROBERT R. MARTIN and/or EVELYN M. MARTIN. The Deed of Trust executed June 30, 1983 by ROBERT R. MARTIN and EVELYN M. MARTIN has not been released by UVALDE SAVINGS AND LOAN ASSOCIATION.

The amount due UVALDE SAVINGS AND LOAN ASSOCIATION as a result of ROBERT R. MARTIN and EVELYN M. MARTIN'S default in the payment of the subject Adjustable Rate Note, after full and proper credit for the amount at which the subject property sold at the Trustee's Sale ($56,000.00) is $44,031.94. None of this outstanding indebtedness has been paid.

Defendants' controverting evidence consisted of affidavits from the defendant Robert R. Martin and William M. Lipman. The latter, according to his affidavit, "buys and sells houses in the Corpus Christi area for investment purposes"; he concluded that the property in question "was reasonably worth $85,000.00 on the day it was sold to Uvalde Savings and Loan Association." Attached to Lipman's affidavit are appraisals which he made on two houses in the vicinity of the subject property that sold for $85,000.00 each.

The affidavit of Lipman does not controvert any fact set forth by plaintiff in his summary judgment evidence, nor does it assert any facts relative to any issue before the trial court at any time. Moreover, it is not germane to any point of error raised by defendants in this appeal.

Defendant Robert R. Martin, in his affidavit, testified, in pertinent part:

My wife, Evelyn M. Martin, and I are Grantors in the deed from Martin to Uvalde Savings and Loan Association, dated July 23, 1987, and recorded in Volume 2071, Page 433, Deed Records of Nueces County, Texas.

It was the intention of the Grantors that such deed operate as a conveyance and the consideration for such deed was the satisfaction of the indebtedness described as a promissory note and deed of trust in the original sum of $90,000.

It was the intent and purpose of such conveyance that the title to the land and the ownership of the debt be merged so that the debt was extinguished.

\* \* \* \* \* \*

The general warranty deed in question, which is in evidence, following the habendum clause, stated:

It is the intention and purpose of GRANTORS to convey to GRANTEE all of their right, title and interest in the described premises IN FULL SETTLEMENT OF THEIR INDEBTEDNESS TO UVALDE SAVINGS AND LOAN ASSOCIATION, GRANTEE herein, its successors and assigns and without recourse

for any deficiency against the undersigned....

We cannot consider the affidavit of non-acceptance of the deed, signed by Thomas A. Hardin, as president of the Uvalde Savings and Loan Association, on June 9, 1988, and recorded in the office of the County Clerk of Nueces County, Texas. The affidavit does not form part of plaintiff's summary judgment evidence.

An appellate court, when reviewing the granting of a motion for summary judgment, considers only the summary judgment evidence in the light most favorable to the non-movant and indulges every reasonable inference in his favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Wilcox v. St. Mary's University of San Antonio Inc.*, 531 S.W.2d 589, 592–93 (Tex.1975). The movant's burden is to show that no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); *Major Investments, Inc. v. De Castillo*, 673 S.W.2d 276, 279 (Tex. App.—Corpus Christi 1984, writ ref'd n.r. e.).

In a summary judgment proceeding, the non-movant, in order to establish a fact issue, must present a written response to the motion setting out his contentions and must also present summary judgment proof in support thereof. TEX.R.CIV.P. 166a; *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

■ Mr. John W. Hennessey, legal counsel for defendants, argues that the execution and delivery of a deed is prima facie evidence supporting a rebuttable presumption for acceptance of a conveyance of real property by a grantee. They rely upon *Raymond v. Aquarius Condominium Owners Association, Inc.*, 662 S.W.2d 82, 91 (Tex.App.—Corpus Christi 1983, no writ); *Austin v. Bice*, 586 S.W.2d 931, 933 (Tex.Civ.App.—Waco 1979, no writ); and *Chandler v. Hartt*, 467 S.W.2d 629, 633 (Tex.Civ.App.—Tyler 1971, writ ref'd n.r. e.). We agree. However, the uncontroverted facts in this case do not give rise to the presumption asserted by defendants.

In each of the cases cited by defendants as authority, the presumption of acceptance of the conveyance was created because the deed was delivered to the grantee *and recorded by the grantee.* In the instant case, the uncontroverted facts show that defendants, as grantors, executed and recorded the deed, without the approval, acquiescence or knowledge of plaintiff. In fact, it is uncontroverted that plaintiff, through the affidavits of Thomas W. Hardin, its president, and James W. Phillips, its vice president, did not intend that a merger be caused or effected by the unilateral conveyance of the subject property to it by defendants. There is no evidence submitted by defendants that plaintiff intended to accept, or did accept, the deed in satisfaction of the balance due and owing on the note.

Defendants' allegations of fact and conclusions stated in their written response to plaintiff's motion for summary judgment are not evidence and will not be considered by this Court as summary judgment proof. It is well settled law that the allegations contained in pleadings do not constitute summary judgment evidence. Citation of authority is not necessary. We hold that no presumption of acceptance of the deed in full satisfaction of the debt exists in this case.

■ It has long been the law that a deed, in order to be effective to transfer title to land, must be delivered to the grantee. *Dikes v. Miller*, 24 Tex. 417 (1859). Delivery requires acceptance of the deed, either expressly or impliedly. *Robert Burns Concrete Contractors, Inc. v. Norman*, 561 S.W.2d 614, 618 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.). Therefore, a deed which is not accepted by the grantee does not convey any interest in the land. There is no summary judgment evidence in the case at bar that the deed was ever delivered by defendants to plaintiff.

Defendants have not submitted any summary judgment evidence showing the deed could not be properly refused by the president of Uvalde Savings and Loan Association, or, for that matter, controverting Hardin's and Phillips' affidavits in any way.

Moreover, those affidavits are based on personal knowledge and relate facts that would be admissible in evidence at a conventional trial, not legal conclusions. *See Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); TEX.R.CIV.P. 166a(e). There is no summary judgment evidence that plaintiff knew that the deed had been executed by defendants until after it was filed for record in Nueces County, Texas; therefore, it could not have accepted the deed on the date of its execution or on the date it was filed for record.

■ Defendants also argue that as a matter of law there was a merger of estates which vested title to the subject property in plaintiff, the effect of which was to satisfy in full the indebtedness. We do not agree.

The Supreme Court of Texas, in *Flag–Redfern Oil Co. v. Humble Exploration Co.,* 744 S.W.2d 6, 9 (Tex.1987), said that in order for there to be a merger of the legal and equitable estates certain elements must be present. Among those required elements are:

1. The merger must not be contrary to the intention of the owner of the two estates; and

2. The merger must not be disadvantageous to the owner of the two estates.

In the instant case, the uncontroverted facts show that plaintiff did not intend that the two estates be merged, and it would certainly be disadvantageous to plaintiff to accept the deed and thereby effect a merger, which would release its right to foreclose its deed of trust lien and to sue for any deficiency. Under the undisputed facts, it would be both improper and inequitable to apply the doctrine of merger to this case. *See Coleman v. Looney,* 83 S.W.2d 1061 (Tex.Civ.App.—Fort Worth 1935, writ dism'd); *Baylor University v. Chester Savings Bank,* 82 S.W.2d 738 (Tex.Civ.App.—Waco 1935, writ ref'd); 30 TEX.JUR.3d, *Deeds of Trust and Mortgages,* § 124 (1983). It is obvious that it would be to plaintiff's interest to have the two estates remain separated so that plaintiff could enforce defendants' obligations through the obtaining of a deficiency judgment, if a deficiency did in fact exist.

Case law makes it absolutely clear that the intention of the mortgagee governs the application or non-application of the merger doctrine. *Hill v. Preston,* 119 Tex. 522, 34 S.W.2d 780 (1931); *Harris v. Masterson,* 91 Tex. 171, 41 S.W. 482 (1897); *Silliman v. Gammage,* 55 Tex. 365 (1881).

As the affidavits of Thomas A. Hardin and James W. Phillips indicate, the deed in question was not accepted by plaintiff and defendants' indebtedness to plaintiff was neither discharged nor settled by the execution of the deed by defendants. This is clear and uncontroverted evidence of plaintiff's intention that the estates remain separate, that plaintiff's lien remain effective and that defendants' indebtedness remain due and owing to plaintiff. The absence of any evidence of a contrary intention on the part of plaintiff to surrender its superior lien position or discharge defendants' obligation results in the nonapplicability of the doctrine of merger. *Viking Enterprises, Inc. v. Boyd,* 430 S.W.2d 944 (Tex.Civ.App.—Corpus Christi 1968, no writ); 30 TEX. JUR.3d, *Deeds of Trust and Mortgages,* § 124 (1983).

The mortgagee's intention that the estates remain separate is sufficient, in and of itself, to prevent the doctrine of merger from applying. *West v. Seigler,* 265 S.W.2d 618 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n.r.e.).

> Mergers are not favored and will not be decreed when inconsistent with the evident intention of the parties. It appears to be well settled that equity will not decree mergers of estates in the absence of a showing of intention. Nor when it would be disadvantageous to the person acquiring both interests.

*Caprito v. Grisham–Hunter Corp.,* 128 S.W.2d 149, 154 (Tex.Civ.App.—Eastland 1939, writ dism'd, judgmt cor.) (citations omitted).

The cases of *Jones v. Ford,* 583 S.W.2d 821 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.) and *North Texas Building & Loan Ass'n v. Overton,* 126 Tex. 104, 86 S.W.2d 738 (1935), cited by defendants, are only

applicable to those situations where a deed in lieu of foreclosure or deed in satisfaction of a debt is *agreed to* between the mortgagor and mortgagee. This is absolutely the paradox of the current situation.

■ Plaintiff is entitled to the deficiency judgment sought herein based upon rudimentary real estate law. Where a deficiency judgment after a trust deed foreclosure is sought, the mortgagee is entitled to judgment for the amount of the note, interest and attorney's fees, less the amount received at the sale. *Tarrant Savings Ass'n. v. Lucky Homes, Inc.*, 390 S.W.2d 473 (Tex.1965).

Defendants' attempt to contravene plaintiff's right to this deficiency judgment via the aforementioned warranty deed is invalid and presents no obstacle to the entry of judgment in behalf of plaintiff. Defendants' attempt to eliminate their obligation to repay plaintiff for the balance due on the note by unilaterally deeding the mortgaged property to plaintiff does not extinguish the balance due on the note. If that were the case, such would, in effect, render useless the taking of a mortgage as security by a lender of money.

The uncontroverted and undisputed facts show that there was no acceptance of the deed in question by plaintiff and no intention by plaintiff to effect a merger of the two estates. The trial court correctly rendered summary judgment for plaintiff.

Defendants, in their third point of error, assert that "the trial court permitted the filing of Brief Amicus Curiae without the consent of the parties litigant and to the prejudice of the defendants who were deprived of a scheduled hearing before final decree." The point has no merit.

Defendants filed a motion to strike the brief of the amicus curiae on June 27, 1988, which was before judgment was rendered in this case. The brief was filed by the Texas Savings and Loan League.

■ Motions made in a pending lawsuit are waived unless presented to and acted upon by the trial court prior to rendition of judgment. *Moreno v. Jenkins*, 436 S.W.2d 620 (Tex.Civ.App.—Austin 1968, writ ref'd n.r.e.); 51 TEX.JUR.3d, *Motion Procedure*, § 8 (1986). A motion which is not acted on by the trial court does not furnish a basis for a point of error. *Williams v. Williams*, 537 S.W.2d 107 (Tex.Civ.App.—Tyler 1976, no writ); *Ladd v. Knowles*, 505 S.W.2d 662 (Tex.Civ.App. —Amarillo 1974, writ ref'd n.r.e.); *Producers Investment Corp. v. Spears*, 232 S.W.2d 761 (Tex.Civ.App.—Fort Worth 1950, no writ). An appeal may be perfected only from an alleged erroneous ruling by the trial court. *Best Steel Buildings, Inc. v. Hardin*, 553 S.W.2d 122 (Tex.Civ. App.—Tyler 1977, writ ref'd n.r.e.).

■ In the instant case, the record does not show that the motion was presented to the trial court for ruling, nor that it was ruled on by the trial court. Consequently, the complaint has been waived.

The defendants' fourth point of error reads as follows:

Counsel for the plaintiff is guilty of misconduct in including in the transcript Motion for Sanctions.

They say in their brief that the attorney for plaintiff requested the District Clerk of Uvalde County "to include in the transcript of this appeal Plaintiff's Motion for Sanctions, which were [sic] never set for hearing, were [sic] never heard, and should not have been part of the record in the instant case."

■ An appellate court reviews only the errors allegedly committed by the trial court, absent fundamental error. It does not review alleged misconduct by a litigant in requesting the inclusion of motions filed in the trial court in the transcript on appeal. The point has nothing whatsoever to do with the appeal of the summary judgment, and will not be considered by this Court.

Plaintiff's request for damages under TEX.R.APP.P. 84 is denied.

The judgment of the trial court is affirmed.

CADENA, Chief Judge, concurring.

I agree solely on the ground that there was no acceptance of the deed by plaintiff.

Absent such acceptance, defendants' interest never passed to plaintiff and the two estates were never held by plaintiff. There is no basis for finding a merger.

BIERY, J., joins.