**Opinion issued July 30, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00545-CV

———————————

**LAWRENCE S. OLEKSY, Appellant**

**V.**

**FARMERS INSURANCE EXCHANGE, Appellee**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 08-DCV-165626**

---

## O P I N I O N

It is a cardinal rule of Texas summary-judgment practice that "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c).

"[T]he reasons for the summary judgment and the objections to it must be in writing and before the trial judge at the hearing." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979). "A motion must stand or fall on the grounds expressly presented in the motion." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993).

Our resolution of this appeal arising from cross-motions for summary judgment on a disputed question of insurance coverage flows from these settled black-letter principles. Appellant Lawrence S. Oleksy appeals from an adverse final summary judgment that a homeowner's insurance policy issued by appellee Farmers Insurance Exchange provided no coverage for personal injuries arising from a snowmobile accident. We conclude, based on the appellate record, that summary judgment was not warranted in favor of either party; accordingly we reverse the judgment in favor of Farmers.

**Background**

In February 2007, Oleksy went snowmobiling in New York with his friend Paul Pochron and several other people. Pochron was seriously injured when his snowmobile collided with Oleksy's. Pochron and his wife later sued Oleksy in Fort Bend County. In his first amended original petition, Pochron alleged that Oleksy was a resident of Texas and that the snowmobile accident occurred in New

2

York. The petition did not clearly identify the owner of the snowmobile used by Oleksy.

Oleksy filed a declaratory judgment action against Farmers Insurance, his homeowner's insurance carrier, seeking a declaration that Farmers has a duty to defend and to indemnify him in the lawsuit filed by Pochron. Although his homeowner's policy includes an exclusion for personal injuries arising from the use of motor vehicles, Oleksy based his claim for coverage on an exception to that exclusion. The relevant policy provisions are:

> **Section II—Liability Coverage**
> **Coverage C (Personal Liability)**
>
> If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:
>
> 1. Pay up to our limit of liability for the damages for which the insured is legally liable. Damages include prejudgment interest awarded against the insured; and
>
> 2. Provide a defense at our expense by counsel of our choice even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate.
>
> . . . .
>
> **Section II—Exclusions**
>
> 1. **Coverage C (Personal Liability) and Coverage D (Medical Payments to Others)** do not apply to:
>
> . . . .

3

f. **bodily injury** or **property damage** arising out of the ownership, maintenance, operation, use, loading or unloading of:

(1)   motor or engine propelled vehicles or machines designed for movement on land, including attached machinery or equipment;

(2)   trailers, semi-trailers or mobile homes;

Which are owned or operated by or rented or loaned to an **insured.**

However, this exclusion does not apply to:

(1)   motor vehicles which are not subject to motor vehicle registration and are:

. . . .

(d)   designed and used for recreational purposes; and are:

(i)   not owned by an **insured**; or

(ii)   owned by an **insured** while on the **residence premises**.

Farmers filed an answer, counterclaim, and third-party petition for declaratory relief naming Pochron as a third-party defendant and seeking a declaratory judgment that Oleksy is not entitled to coverage because the motor-vehicle exclusion applies.

Farmers moved for summary judgment based on the motor-vehicle exclusion in the homeowner's policy. As summary-judgment evidence, Farmers attached the insurance policy, Pochron's petition, a copy of the New York statute requiring registration of snowmobiles, and excerpts from Pochron's deposition and Oleksy's recorded statement. Farmers argued that the recreational-vehicle exception did not apply because the snowmobile was subject to registration in New York and

4

because Pochron's deposition and Oleksy's statement supported an inference that the insured, Oleksy, owned the snowmobile.

Oleksy filed a cross-motion for summary judgment and response to the motion filed by Farmers. He argued that the question of whether the snowmobile was "subject to motor vehicle registration" had to be decided pursuant to Texas law pursuant to Article 21.42 of the Texas Insurance Code, which is a statutory choice-of-Texas-law provision. Oleksy thus argued that the exception applied because the snowmobile was not subject to motor-vehicle registration in Texas. He also argued that he did not own the snowmobile based on undisputed evidence that Pochron obtained title to the snowmobile in his own name, maintained possession of it, paid insurance premiums for it, and had an insurance policy that named him as its owner. As summary-judgment evidence, Oleksy attached: the homeowner's insurance policy; Pochron's first amended petition; an email from the Texas Department of Motor Vehicles stating that it does not title or register snowmobiles; an affidavit from Pochron in which he avers that he owned the snowmobile in question; and his answers to interrogatories, in which Oleksy denied ownership of the snowmobile.

The trial court granted summary judgment in favor of Farmers, denied Oleksy's motion, and issued a final declaratory judgment that the insurance policy

provided no coverage for the snowmobile accident and that Farmers had no duty to defend or indemnify Oleksy in connection with the Pochron lawsuit.

Shortly after the trial court's final judgment, Pochron filed a third amended original petition, specifically alleging that he, not Oleksy, owned the snowmobile. Oleksy filed a motion for new trial, for the first time arguing that an insurer's duty to defend is determined by the third-party plaintiff's pleadings considered in light of the policy provisions, without consideration of facts outside of the pleadings. In response, Farmers argued that Pochron's amended petition should not change the result of the declaratory-judgment action because the petition alleges facts which, if true, invoke the motor-vehicle exclusion and negate the recreational-vehicle exception. The trial court overruled the motion for new trial, and Oleksy appealed. On appeal, Farmers now concedes that Pochron owned the snowmobile that Oleksy drove at the time of the collision.

**Analysis**

When both sides move for summary judgment, and the trial court grants one motion and denies the other, reviewing courts consider both sides' summary-judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered. *E.g.*, *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010). Each party must carry its own burden to establish entitlement to summary judgment by conclusively proving all

6

the elements of the claim or defense as a matter of law. *See Atl. Lloyds Ins. Co. v. Butler*, 137 S.W.3d 199, 208 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (citing *CU Lloyd's of Tex. v. Feldman*, 977 S.W.2d 568, 569 (Tex. 1998)). In a case involving the proper interpretation of an insurance policy, the insured has the burden to establish coverage under the terms of the policy. *Gilbert Tex.*, 327 S.W.3d at 124. To avoid liability the insurer must then prove that the loss is subject to an exclusion. *Id.* "If the insurer proves that an exclusion applies, the burden shifts back to the insured to show that an exception to the exclusion brings the claim back within coverage." *Id.*

Interpretation of an insurance policy is governed by well-established principles of contract construction. *Mid–Continent Cas. Co. v. Global Enercom Mgmt., Inc.*, 323 S.W.3d 151, 154 (Tex. 2010). We review a trial court's interpretation of a contract de novo. *See In re Dillard Dep't Stores, Inc.*, 186 S.W.3d 514, 515 (Tex. 2006); *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). The primary objective is to give effect to the intent of the parties as reflected in the terms of the policy. *Mid–Continent*, 323 S.W.3d at 154; *State Farm Lloyds v. Page*, 315 S.W.3d 525, 527 (Tex. 2010). "As with any other contract, the parties' intent is governed by what they said, not by what they *intended* to say but did not." *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 746 (Tex. 2006). "Moreover, in cases like this involving a standard form policy

7

mandated by a state regulatory agency . . . the actual intent of the parties is not what counts (as they did not write it), but the ordinary, everyday meaning of the words to the general public." *Id.*

"An insurer is required to defend only those cases within the policy coverage." *Fid. & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982). We determine whether an insurer has a duty to defend under the "eight-corners" or "complaint-allegation" rule. *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006). "The rule takes its name from the fact that only two documents are ordinarily relevant to the determination of the duty to defend: the policy and the pleadings of the third-party claimant." *Id.* We consider the third-party plaintiff's pleadings in light of the policy provisions, without regard to the truth of the allegations. *Id.* "Facts outside the pleadings, even those easily ascertained, are ordinarily not material to the determination and allegations against the insured are liberally construed in favor of coverage." *Id.* A plaintiff's factual allegations that potentially support a covered claim is all that is needed to invoke the insurer's duty to defend. *Id.* at 310.

Both motions for summary judgment argued that New York and Texas law conflict on the question of whether snowmobiles are subject to motor-vehicle registration. Because the interpretation of a statute is a question of law that this court determines de novo, we are not bound to accept the parties' agreed but

8

mistaken interpretation of law. *See First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008).

## I.     False conflict

Oleksy devotes a significant portion of his appellate briefing to addressing the purported conflict-of-law question, i.e., whether Texas or New York law regarding motor-vehicle registration should be applied to determine whether the recreational-vehicle exception to the motor-vehicle exclusion applies. However, because Texas and New York law do not conflict regarding any issue material to the appeal, we need not address Oleksy's Article 21.42 argument.

Texas law specifically excludes off-highway recreational vehicles from the requirements of motor-vehicle registration. *Compare* TEX. TRANSP. CODE ANN. § 502.040 (West 2013) (requiring registration of motor vehicle that "is used or to be used on a public highway"), *with id.* § 502.140 (stating "a person may not register an all-terrain vehicle or a recreational off-highway vehicle, with or without design alterations, for operation on a public highway").

Under the New York Vehicle and Traffic Law, a motor vehicle is defined as "[e]very vehicle operated or driven upon a public highway which is propelled by any power other than muscular power, except . . . snowmobiles . . . and . . . all terrain vehicles . . . ." N.Y. VEH. & TRAF. LAW § 125 (McKinney 2005). A snowmobile is distinguished and treated differently from other kinds of "motor

vehicles" under the New York statute. *Compare id.* §§ 400–499-d (Title IV—Registration of Vehicles), with §§ 2220–2413 (Title XI—Registration of Snowmobiles, Motorboats and Limited Use Vehicles). "Notwithstanding its limited use on highways, a snowmobile shall not be determined a motor vehicle within the meaning of section one hundred twenty-five of this chapter or any other successor statutes." *Id.* § 2229 ("Snowmobile, not a motor vehicle"). Both the motor-vehicle registration and snowmobile registration laws appear in Chapter 71 of the Consolidated Laws, i.e., the same chapter as section 125. *See id.* §§ 125 (definition of motor vehicle), 401–404-oo (Registration of Motor Vehicles), 2220–2231 (Registration of Snowmobiles).

Comparing the Texas Transportation Code and the New York Vehicle and Traffic Law, we conclude that they are materially the same for purposes of resolving this appeal: neither law subjects a snowmobile to "motor vehicle registration." Accordingly, we hold that there is no conflict of law in this appeal and no choice-of-law analysis is needed.

## II.    Interpretation of insurance policy

Farmers's motion for summary judgment purported to be a hybrid motion both (1) establishing the applicability of the exclusion as a matter of law and (2) negating the exception because there was no evidence to support it. But its motion relies in part on its contention that snowmobiles are subject to motor-

10

vehicle registration and in part on its contention that Oleksy owned the snowmobile, an argument that it has abandoned on appeal. In light of our conclusion that snowmobiles are not subject to "motor vehicle" registration under New York or Texas law, we cannot agree that Farmers conclusively disproved the applicability of the recreational-vehicle exception. Therefore, we hold that the trial court erred in granting summary judgment in favor of Farmers.

Oleksy moved for summary judgment based on the applicability of the recreational-vehicle exception. But his arguments were based on Texas motor-vehicle registration and the question of who owned the snowmobile. In supplemental briefing requested by this court, Oleksy argues for the first time that the New York Vehicle & Traffic Laws establish as a matter of law that snowmobiles are not subject to motor-vehicle registration. But Oleksy did not make that argument in his motion for summary judgment in the trial court. "A motion for summary judgment "must stand or fall on the grounds expressly presented in the motion." *McConnell*, 858 S.W.2d at 341; TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *see also Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 609 & n.7 (Tex. 2012) (refusing to consider defenses which were not raised in the trial court); *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) ("Summary judgments . . .

11

may only be granted upon grounds expressly asserted in the summary judgment motion."); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002) ("A court cannot grant summary judgment on grounds that were not presented."); *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997) ("A motion for summary judgment must itself expressly present the grounds upon which it is made, and must stand or fall on these grounds alone."). As observed by the Supreme Court of Texas, to act otherwise by rendering judgment based on a ground not raised in the trial court "may prejudice the nonmovant's ability to demonstrate that the issue raises a genuine issue of material fact." *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993).

The trial court denied Oleksy's motion for summary judgment, and given the arguments that were made, we cannot say that it erred in doing so. *Cf. City of Midland v. O'Bryant*, 18 S.W.3d 209, 218 (Tex. 2000) ("Because the trial court should not have granted summary judgment on an issue that was not presented, the judgment of the court of appeals reversing and remanding the . . . issue to the trial court was correct . . . .").

## Conclusion

Because we have concluded that the trial court erred in granting Farmers's motion for summary judgment and did not err in denying Oleksy's motion for summary judgment, we sustain Oleksy's issues. We reverse the judgment of the

12

trial court, and we remand this case for further proceedings consistent with this opinion.

Michael Massengale
Justice

Panel consists of Justices Keyes, Massengale, and Brown.

Justice Keyes, dissenting.