ACCEPTED
12-14-00148-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/5/2015 2:58:32 PM
CATHY LUSK
CLERK

## NO. 12-14-00148-CV

**IN THE COURT OF APPEALS FOR THE**
**TWELFTH DISTRICT OF TEXAS AT TYLER, TEXAS**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
2/5/2015 2:58:32 PM
CATHY S. LUSK
Clerk

**SANTANDER CONSUMER USA INC.,**

*Appellee*

**V.**

**MARY LOU PETTY,**

*Appellant*

---

**BRIEF OF APPELLEE SANTANDER CONSUMER USA INC.**

---

**From the 2nd District Court, Cherokee County, Texas,**
**Cause No. 2013-06-0442, Hon. Dwight Phifer, presiding.**

---

Aaron Z. Tobin
Kendal B. Reed
ANDERSON TOBIN, PLLC
13355 Noel Road, Suite 1900
Dallas, TX 75240
(972)789-1160
(972)789-1606 fax
**ATTORNEYS FOR APPELLEE**

**ORAL ARGUMENT IS <u>NOT</u> REQUESTED**

## IDENTITIES OF PARTIES AND COUNSEL

**I.**   **Plaintiff/Appellee:**

Santander Consumer USA Inc..

**Counsel:**

Aaron Z. Tobin
State Bar No. 24028045
atobin@andersontobin.com
Kendal B. Reed
Texas Bar No. 24048755
kreed@andersontobin.com
ANDERSON TOBIN PLLC
13355 Noel Road, Suite 1900
Dallas, Texas 75240
Phone: (972) 789-1160
Fax: (972) 789-1606


**II.**   **Defendant/Appellant:**

Mary Lou Petty, Pro Se
744 Elizabeth Drive
Bullard, Texas 75757
(903) 825-8722
onegentledove@peoplepc.com

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL ........................................................ i

TABLE OF CONTENTS ................................................................................... ii

TABLE OF AUTHORITIES ............................................................................ iv

STATEMENT OF THE CASE ........................................................................... 1

STATEMENT REGARDING ORAL ARGUMENT ............................................ 1

ISSUES PRESENTED ...................................................................................... 2

STATEMENT OF FACTS ................................................................................. 3

SUMMARY OF THE ARGUMENT ................................................................. 5

ARGUMENT .................................................................................................... 6

    I.     Review of the trial court's order granting summary judgment in favor of Santander is limited to a review of the legal sufficiency of the evidence: all other complaints have been waived ..................................... 6

    II.    Summary of judgment standard of review ............................................... 8

    III.   Legally sufficient evidence supports the trial court's summary judgment ...................................................................................... 9

    IV.   Even if appellate review reached beyond the scope of reviewing the record for legally sufficient evidence, none of the other grounds raised in Petty's appeal warrant reversal of the trial court's order ........ 11

        A.    The trial court did not err by not ruling on Petty's "dismissal" motion because she never set the motion for hearing ................. 11

        B.    There is no basis to reverse the trial court's summary judgment simply because the court decided the Motion upon submission without an oral hearing ............................................................... 13

C.     The allegations in Petty's pleadings are not competent evidence or proof of facts that created a genuine issue of material fact thereby precluding summary judgment.......................................................15

D.     Petty's request for a jury trial does not prevent the trial court from rendering a summary judgment and does not violate her rights under the Texas Constitution .......................................................16

V.    CONCLUSION .................................................................................17

CERTIFICATE OF COMPLIANCE WITH RULE 9.4(e), (i) .............................18

CERTIFICATE OF SERVICE .................................................................................18

# TABLE OF AUTHORITIES

**Cases**

*Bliss v. NRG Indus.,* 162 S. W. 3d 434 (Tex. App.−Dallas 2005,
pet. denied)........................................................................................................16

*City of Hous. v. Clear Creek Basin Auth.,* 589 S. W. 2d 671 (Tex. 1979)..............7

*DeLaney v. Assured Self Storage,* 272 S. W. 3d 837 (Tex. App.−Dallas 2008,
 no pet.)..............................................................................................................9

*Green v. W.E. Grace Mfg. Co.,* 422 S. W. 2d 723, 11 Tex. Sup. Ct. J. 153
(Tex. 1968).......................................................................................................16

*Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owner
Ass'n,* 205 S. W. 3d 46 (Tex. App.−Dallas 2006, pet. denied).............................10

*Haynes v. City of Beaumont,* 35 S. W. 3d 166 (Tex. App.−Texarkana 2000,
 no pet.)..............................................................................................................6

*Hidalgo v. Surety S&L Ass'n,* 462 S. W. 2d 540 (Tex. 1971)...............................15

*Houston v. Clear Basin Auth.,* 589 S. W. 2d 671 (Tex. 1979) ...............................6

*Jack B. Anglin v. Tipps,* 842 S. W. 2d 266 (Tex. 1992) .......................................14

*Jin. v. PNC Bank,* NO. 03-10-00392-CV, 2011 Tex. App. LEXIS 1751
 (Tex. App.−Austin Mar. 9, 2011, pet. denied) .......................................................8

*Laidlaw Waste Sys. v. City of Wilmer,* 904 S. W. 2d 656 (Tex. 1995)..................15

*Lattrell v. Chrysler Corp.,* 79 S. W. 3d 141 (Tex. App.−Texarkana 2002,
pet. denied)........................................................................................................16

*Mansfield State Bank v. Cohn,* 573 S. W. 2d 181 (Tex. 1978)...............................8

*Martin v. Commercial Metals Co.,* 138 S. W. 3d 619(Tex. App.−Dallas 2004, no pet.) ................................................................................16

*Martin v. Martin, Martin & Richards, Inc.,* 989 S. W. 2d 357 (Tex. 1998) .........14

*Martin v. Uvalde Sav. & Loan Assoc.,* 773 S. W. 2d 808 (Tex. App.− San Antonio 1989, no writ)...............................................................12

*McConnell v. Southside Indep. Sch. Dist.,* 858 S. W. 2d 337 (Tex. 1993)...........6,7

*Oleksy v. Farmers Ins. Exch.,* 410 S. W. 3d 378 (Tex. App.−Houston [1st Dist.] 2013, pet. filed) ..............................................................7

*Provident Life & Accident Ins. Co. v. Knott,* 128 S. W. 3d 211 (Tex. 2003)..........8

*Quanaim v. Frasco Rest. & Catering,* 17 S. W. 3d 30 (Tex. App.− Houston [14th Dist.] 2000, pet. denied)....................................................15

*Spin Doctor Golf, Inc. v. Paymentech, L.P.,* 296 S. W. 3d 354 (Tex. App.− Dallas 2009, pet. dism'd) .............................................................8

*Willms v. Americas Tire Co.* 190 S. W. 3d 796 (Tex. App.−Dallas 2006, pet. denied)..............................................................................16

*Wilson v. Deutsche Bank Trust Co. Americas,* No. 01-12-00284-CV, 2014 Tex. App. LEXIS 4191 (Tex. App.−Houston [1st Dist.] Apr. 17, 2014, no pet.) .....................................................................7

**Statutes**

TEX. R. APP. 33.1(a)(1)(A) ...........................................................................7,13

TEX. R. CIV. P. 21 .........................................................................................12,13

TEX. R. CIV. P. 166a(c)...............................................................................7,8,14

## STATEMENT OF THE CASE

On December 14, 2012, Appellant/Defendant, Mary Lou Petty ("Petty"), executed a Motor Vehicle Retail Installment Contract to finance her purchase of a 2005 Toyota Tundra.  (Clerk's Record ("CR") 42-43.)  Plaintiff/Appellee Santander Consumer USA, Inc. ("Santander") provided funding for the purchase of the vehicle and is the assignee of the contract.  (CR38-40.)  Petty did not make any payments on the note and was therefore in default.  (*Id.*)  Santander brought suit to foreclose on the car and for breach of contract.  (CR22-30.)  Santander moved for Summary Judgment (the "Motion") after Petty filed her answer as there was no disputed issue of material fact.  (CR31-49.)  Plaintiff admits that she did not file any response to Santander's Motion and did not present any evidence to create any disputed issue of material fact.  Ruling on submission, the trial court granted Santander's Motion for Summary Judgment, awarding it $12,053.29 in contract damages, $33.35 in prejudgment interest, $2,500 in attorney fees, plus post-judgment interest at the rate of five percent (5%) per annum.  (CR74-75.)  The judgment also forecloses on the collateral.  (*Id.*)

## STATEMENT REGARDING ORAL ARGUMENT

Appellee does not request oral argument.  This is a simple and straightforward summary judgment, which was decided on the live pleadings and the Motion for

Summary Judgment filed by Appellee.  Appellee does not believe oral argument will be of any material help to the Court in resolving the issues on appeal.

## ISSUES PRESENTED

1.  Because review of the trial court's order granting summary judgment in favor of Santander is limited to a review of the legal sufficiency of the evidence, and there is sufficient evidence, the order must be affirmed.

2.  Even if appellate review reached beyond the scope of reviewing the record for sufficiency of the evidence, none of the other grounds raised in Petty's appeal warrant reversal of the trial court's order.

   A.  The trial court did not err by not ruling on Petty's "dismissal" motion because she never set the motion for hearing.

   B.  There is no basis to reverse the trial court's summary judgment simply because the court decided the motion upon submission without an oral hearing.

   C.  The allegations in Petty's pleadings are not evidence or proof of facts that created a genuine issue of material fact thereby precluding summary judgment.

   D.  The fact that Petty requested a jury trial does not prevent the trial court from rendering a summary judgment and does not violate her rights under the Texas Constitution.

## STATEMENT OF FACTS

On or about December 14, 2012, Appellant/Defendant, Mary Lou Petty ("Petty"), executed a Motor Vehicle Retail Installment Contract (the "Contract") with Fenton Motors of Tyler, Texas, which was contemporaneously assigned to Plaintiff/Appellee Santander Consumer USA, Inc. ("Santander"). (CR38, ¶¶3, 4; CR42-43.) Under the Contract, Petty purchased and financed a 2005 Toyota Tundra (the "Collateral"). (CR39, ¶6.) To secure the payment of the indebtedness called for under the Contract, Petty granted Santander a first lien purchase money security interest in the Collateral. (CR39, ¶7.) Santander properly perfected its security interest in the Collateral. (CR39, ¶8.)

Petty defaulted under the terms of the Contract by failing to timely make all monthly payments. (CR39, ¶9.) As a result of the failure of Petty to make all payments when due, Santander declared Petty in default. (*Id.*) After all just and lawful offsets, credits, and payments, the balance past due and owing under the Contract was $12,053.29 (as of June 11, 2013). (CR39, ¶10.) Although Santander attempted to repossess the Collateral, those efforts failed. (CR39, ¶11.) As a result, Santander filed this suit against Petty to recover the Collateral and to collect all amounts due and owing under the Contract. (CR22-30.)

On June 24, 2013, Santander filed its Original Petition and Rule 194 Request for Disclosure. (CR6-13.) Petty, appearing Pro Se, filed her Answer to the Original

Petition. (CR17-20.) In her Answer, she admits that she did not make any of the payments under the Contract. (CR17.) She also alleges that she returned the vehicle to the dealership where she purchased it. (*Id.*) On December 16, 2013, Santander filed its First Amended Petition, adding a claim for breach of contract and suit on the note. (CR22-30.) On January 29, 2014, Santander filed a Motion for Summary Judgment ("Motion") because there was no genuine issue of material fact. (CR32-49.) The initial hearing on the Motion was set for March 5, 2014. (CR51.) On March 3, 2014, Petty filed a Motion for Continuance. (CR56.) In addition, on March 3, 2014, Petty filed a "Motion for Dismissal" claiming that one of Santander's counsel, Aaron Tobin, failed to inform her in a pre-suit telephone call that he was an attorney representing Santander and that therefore, his firm should not be allowed to represent Santander. (CR54.)

On March 5, 2014, the trial court heard Petty's Motion for Continuance and in an effort to give her time to employ legal counsel, reset Santander's Summary Judgment Motion for hearing by submission on May 6, 2014. (CR58, 61.) Petty did not file a response to Santander's Motion for Summary Judgment as she admits in her Appeal Brief. (Appellant's Brief, at 11.) On May 6, 2014, 96 days after Santander filed its Motion, the trial court granted Santander's Motion for Summary Judgment based on its review of the pleadings, the summary judgment evidence and the Court's file. (CR74-75.) The Judgment awards Santander $12,053.29 in contract

damages, prejudgment interest of $363.25, post-judgment interest of five percent (5%) per annum, and $2,500 in attorney fees. (*Id.*) It also awards additional post-judgment attorney fees for post-judgment motions and appeals. (*Id.*) The Judgment further orders that Santander is entitled to judicial foreclosure on its lien on the 2005 Toyota Tundra. (*Id.*) The Judgment provides that it is a "final judgment which disposes of all claims between all parties. All relief not expressly granted herein is hereby denied." (CR75.) Petty filed her Notice of Appeal on June 4, 2014. (CR76.)

Petty's Appellate Statement of Facts is almost entirely composed of "factual statements" which are not supported by any evidence in the appellate record and were never presented to the trial court. Petty did not present <u>any</u> evidence in response to Santander's Motion for Summary Judgment and there is no competent evidence in the appellate record other than the factual evidence presented in Santander's Motion for Summary Judgment. Accordingly, the unsupported statements of fact in the Statement of Facts in Petty's Appeal Brief must be ignored.

## SUMMARY OF THE ARGUMENT

Although Petty raises a variety of issues in her Appeal Brief, this review is limited to a review for legally sufficient evidence because Petty failed to respond to Santander's Motion. As detailed below, legally sufficient evidence supports the trial court's summary judgment. In addition, even if appellate review reached beyond the scope of reviewing the sufficiency of the evidence to addressing Petty's other

points of alleged error, none of the grounds raised in Petty's appeal warrant reversal of the trial court's order. The trial court did not err by not ruling on Petty's "dismissal" motion because she never set the motion for hearing. Nor did the trial court err in deciding Santander's Motion upon submission without an oral hearing. Furthermore, the allegations in Petty's pleadings are not competent evidence or proof of facts that create a genuine issue of material fact which would preclude summary judgment. Finally, the fact that Petty requested a jury trial did not prevent the trial court from rendering a summary judgment nor did it violate her right to a jury trial. Because legally sufficient evidence supports the trial court's summary judgment in favor of Santander, and there are no other grounds warranting a reversal of that judgment, the judgment should be affirmed.

## ARGUMENT

I. **Review of the trial court's order granting summary judgment in favor of Santander is limited to a review of the legal sufficiency of the evidence: all other complaints have been waived.**

If a non-movant fails to respond to a summary judgment motion, the non-movant is "limited on appeal to arguing the legal sufficiency of the grounds presented by the movant." *McConnell v. Southside Indep. Sch. Dist*., 858 S.W.2d 337, 343 (Tex. 1993); *Houston v. Clear Creek Basin Auth*., 589 S.W.2d 671, 678 (Tex. 1979). The non-movant "may not contend on appeal that there is a disputed issue of material fact." *Haynes v. City of Beaumont*, 35 S.W.3d 166, 174 (Tex.

App.—Texarkana 2000, no pet.). Because Petty did not respond to Santander's Motion for Summary Judgment, her appeal is limited to a review of the legal sufficiency of the grounds presented in Santander's Motion. *McConnell*, 858 S.W.2d at 343.

Because Petty failed to present <u>any</u> of the issues she has raised in this appeal to the trial court, and failed to obtain any ruling on such issues, these issues may not be considered on appeal as grounds for reversal. *See* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

> To preserve a complaint for appellate review, a party must make a timely request, objection, or motion with sufficient specificity to notify the trial court of the complaint and to afford the trial court an opportunity to rule on the objection. Tex. R. App. 33.1(a)(1)(A). With the exception of challenging the legal sufficiency of a summary judgment, a "non-movant must expressly present to the trial court, by written answer or response, any issues defeating the movant's entitlement" to summary judgment to preserve the right to appeal. *McConnell v. Southside Indep. Sch. Dist*., 858 S.W.2d 337, 343 (Tex. 1993); *see Oleksy v. Farmers Ins. Exch*., 410 S.W.3d 378, 384-85 (Tex. App.—Houston [1st Dist.] 2013, pet. filed); *City of Hous. v. Clear Creek Basin Auth*., 589 S.W.2d 671, 679 (Tex. 1979) (holding that failure to "expressly present to the trial court those issues that would defeat the movant's right to a summary judgment" waives complaint); *see also* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

*Wilson v. Deutsche Bank Trust Co. Americas*, NO. 01-12-00284-CV, 2014 Tex. App. LEXIS 4191, *7-8 (Tex. App.—Houston [1st Dist.] Apr. 17, 2014, no pet.):

Thus, when a non-movant fails to "expressly present to the trial court those issues that would defeat the movant's right to a summary judgment" as required by Rule 166a, he may not later raise those issues as error on appeal. *Id.*, *13. There is no exception to this rule for litigants who represent themselves. *Jin v. PNC Bank*, NO. 03-10-00392-CV, 2011 Tex. App. LEXIS 1751, *8 (Tex. App. Austin Mar. 9, 2011, pet. denied) (Mem. Op.) citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) ("Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel."). By failing to respond to Santander's Motion, Petty waived her right to obtain appellate review of the trial court's summary judgment on the grounds she raises for the first time on appeal.

## II. Summary Judgment Standard of Review

A trial court's summary judgment is reviewed *de novo. See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-216 (Tex. 2003). For the trial court to grant summary judgment, the movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Spin Doctor Golf, Inc. v. Paymentech, L.P.,* 296 S.W.3d 354, 361 (Tex. App.—Dallas 2009, pet. dism'd). After the movant has established a right to summary judgment, the burden shifts to the non-movant to present evidence creating

a fact issue. *DeLaney v. Assured Self Storage*, 272 S.W.3d 837, 838 (Tex. App.—

Dallas 2008, no pet.).

**III.  Legally sufficient evidence supports the trial court's summary judgment.**

Santander brought suit to foreclose on its lien, recover the Collateral, and

recover and collect all amounts due and owing under the Contract.  (CR22-30.)

Santander brought a claim for breach of contract/suit on the note and a claim to

foreclose its security interest and obtain an order of possession.  (CR24.)

Santander presented evidence in its Motion establishing these undisputed

facts:

1.      On or about December 14, 2012, Defendant executed and delivered a Retail Installment Contract and Security Agreement (the "Contract") with Fenton Motors of Tyler, Tyler, Texas which was contemporaneously assigned to Santander Consumer USA, Inc.  (CR38, ¶¶3, 4; CR.42-43.)

2.      Santander fully performed all conditions called for in the Contract.  (CR39, ¶5.)

3.      Under the Contract, Defendant purchased and financed the following collateral, a 2005 Toyota Tundra.  (CR39, ¶6; CR42-43.)

4.      To secure the payment of the indebtedness called for under the Contract, Defendant granted Plaintiff a first lien purchase money security interest in the Collateral.  (CR39, ¶7.)

5.      Plaintiff properly perfected its security interest in the Collateral. (CR39, ¶8.)

6.      Defendant has defaulted under the terms of the Contract by failing to timely make all monthly payments.  As a result of the failure

of the Defendant to make all payments when due, Plaintiff declared Defendant in default. (CR39, ¶9.)

7.      After all just and lawful offsets, credits and payments, the balance past due and owing under the Contract is $12,053.29. (CR39, ¶10.)

8.      Plaintiff attempted to repossess the Collateral but those efforts failed. (CR39, ¶11.)

To prevail on a claim for breach of contract, Santander must show that: (1) there is a valid contract, (2) Santander performed or tendered performance, (3) Defendant breached the contract and (4) the breach damaged Santander. *See Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owner Ass'n*, 205 S.W.3d 46, 55 (Tex. App.—Dallas 2006, pet. denied).

Santander submitted evidence in its Motion that the Contract is a valid and binding contract between Santander and Defendant and that Santander performed under the contract by delivering the funds to purchase the Collateral, perfecting its security interest and having all conditions precedent to the agreement satisfied. (CR38, ¶¶3, 4, 5, 8; CR42-43.) To secure the payment of the indebtedness called for under the Contract, Petty granted Santander a first lien purchase money security interest in the Collateral. (CR39, ¶7.) Petty breached the Contract because she failed to make the monthly payments on a timely basis under the terms of the Contract, and was therefore in default. (CR39, ¶9.) Under the Contract, Santander was entitled to repossess the Collateral pursuant to the terms of the Contract and was entitled to

judicial foreclosure on its lien. (CR39, ¶7; CR42-43.) Although Santander attempted to repossess the Collateral, those efforts failed. (CR39, ¶11.) Santander suffered $12,053.29 in damages as a result of Petty's breach of contract plus attorney's fees and other costs and expenses. (CR39, ¶10.) Therefore, there was no genuine issue of material fact as to all elements of Plaintiff's claims.

Petty admits that she did not file a response to the Motion and did not present any evidence to create a fact issue as to any element of Plaintiff's claims against her. (Appellant's Brief, at 11.) Because there is legally sufficient evidence supporting the trial court's summary judgment, and there are no genuine issue of material fact as to Santander's claims for breach of contract and to foreclose its security interest, the trial court properly granted summary judgment in Santander's favor and against Petty for $12,053.29 plus attorneys' fees and expenses and properly granted judicial foreclosure of Plaintiff's security interest in the Collateral. Accordingly, the judgment should be affirmed.

IV. **Even if appellate review reached beyond the scope of reviewing the record for legally sufficient evidence, none of the other grounds raised in Petty's appeal warrant reversal of the trial court's order.**

A. **The trial court did not err by not ruling on Petty's "dismissal" motion because she never set the motion for hearing.**

Petty's first issue on appeal is her contention that the trial court erred because it did not rule on her "motion for dismissal." (CR54-55.) In her motion for dismissal, she claims that Mr. Aaron Z. Tobin, one of the attorneys appearing in this

lawsuit for Santander, failed to disclose to her in an alleged pre-suit telephone conversation with her, that he represented Santander. (CR55.) She claims for the first time on appeal, that Mr. Tobin's conduct violated the Texas Rules of Professional Conduct.

The record shows that Petty faxed correspondence to the trial court, entitled motion for dismissal, on March 3, 2014, two months after Santander filed its Motion for Summary Judgment. (CR54-55.) The court clerk then faxed this correspondence to Santander's counsel. (CR57.) In that letter, Petty argues, without presenting any competent evidence, that Mr. Tobin told her that he was Santander's president's "right hand man" and that she "felt deceived" by Mr. Tobin and did not want him to represent Santander. (*Id.*) The motion does not request relief or an order. (CR55.) As required by TEX. R. CIV. P. 21, Petty never set this motion on the docket, did not request a hearing, did not serve a copy of the motion or any notice of hearing on Santander, and did not seek any ruling on the motion by submission. (*See* Clerk's Record.) Thus, the trial court never heard the motion, did not make any ruling with respect to this motion, nor did Santander respond to it.

Motions made in a pending lawsuit are waived unless presented to and acted upon by the trial court prior to rendition of judgment. *Martin v. Uvalde Sav. & Loan Assoc.*, 773 S.W.2d 808, 814 (Tex. App.—San Antonio 1989, no writ). A motion which is not acted on by the trial court does not furnish a basis for a point of error

because an appeal may be perfected only from an alleged erroneous ruling by the trial court. *Id.* (emphasis added) To preserve a point for appellate review, a party must present a timely, specific objection or motion to the trial court, obtain a ruling on the complaint, and comply with the rules of evidence or procedure. TEX. R. APP. 33.1(a) (1) (A).

The record shows that there is no preserved appeal point based on either (1) the fact the trial court never ruled on her motion for dismissal or (2) with respect to the substance of the motion. First, the facts as established in the Clerk's Record show that Petty failed to comply with TEX. R. CIV. P. 21 in several respects, including failing to set this motion for a hearing. She never gave the trial court the opportunity to rule on her motion and thus, it did not. Thus, there is no error based on the trial court's alleged failure to rule on this motion. As for her contention that Mr. Tobin's conduct violates the Texas Rules of Professional Conduct, this argument was not even contained in her motion, was never presented to the trial court or ruled on, and thus is not alleged error preserved for appellate review. TEX. R. APP. 33.1(a) (1) (A).

### B. There is no basis to reverse the trial court's summary judgment simply because the court decided the Motion upon submission without an oral hearing.

Petty argues that the trial court erred by rendering its summary judgment order on May 6, 2014 without an oral hearing. She believes she was entitled to an oral hearing or a jury trial. The record shows that Petty was informed that the trial court

would be ruling on Santander's Motion by submission.  (CR58-61.)  The record also reflects that although an oral hearing had initially been set on Santander's Motion for March 5, 2014, the trial court, in an effort to accommodate Ms. Petty, continued the Motion for an additional 60 days and set it for a submission hearing so that Petty could obtain legal counsel.  (CR51, 58, 61.)  Petty did not obtain legal representation in this lawsuit and did not respond to Santander's Motion within the 60 day continuance.  There is no reversible error based on the trial court's consideration of Santander's Motion on submission.

A party is not entitled to an oral hearing to present argument for a motion for summary judgment.  *See Martin v. Martin, Martin & Richards, Inc*., 989 S.W.2d 357, 359 (Tex. 1998) ("An oral hearing on a motion for summary judgment may be helpful to the parties and the court, just as oral argument is often helpful on appeal, but since oral testimony cannot be adduced in support of or opposition to a motion for summary judgment, an oral hearing is not mandatory.").  Furthermore, a hearing for summary judgment is for argument only: no oral testimony may be presented.  Tex. R. Civ. P. 166a(c); *Jack B. Anglin v. Tipps*, 842 S.W.2d 266, 269 n. 4 (Tex. 1992).  Thus, the trial court can decide the motion for summary judgment on submission, without an appearance by the attorneys or parties before the court.  Under Rule 166a, if Petty wished to submit evidence in response to Santander's Motion, she needed to do so in a written response to Santander's Motion.  She failed

to do this.  Therefore, the trial court did not err in ruling on Santander's Motion on submission.

### C. The allegations in Petty's pleadings are not competent evidence or proof of facts that created a genuine issue of material fact thereby precluding summary judgment.

In her Summary of Argument and Issue 3b, Petty argues that summary judgment was improper because her pleadings "should have been considered as proof that she had a genuine issue of material fact" and that she presented more than a scintilla of probative evidence that should have defeated summary judgment. (Appellant's Brief, at 11, 19-21.)  The statements contained in Petty's pleadings, however, are not competent evidence and thus, did not create any dispute of material fact.

As a general rule, pleadings are not summary-judgment evidence. *Laidlaw Waste Sys. v. City of Wilmer*, 904 S.w.2d 656, 660 (Tex. 1995); *Hidalgo v. Surety S&L Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971).  A party cannot rely on factual statements contained in its own answer as summary judgment proof. *Hidalgo*, 462 S.W.2d at 545.  Furthermore, a party cannot rely on factual statements contained in its response to the summary judgment, as summary judgment proof, because such statements are not competent evidence. *Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 42 (Tex. App.–Houston [14th Dist.] 2000, pet. denied).  Because the allegations in Petty's Answer and Counter Petition are not competent evidence or

proof of any material fact, they do not raise any disputed issue of material fact that would require reversal of the trial court's judgment.

### D. Petty's request for a jury trial does not prevent the trial court from rendering a summary judgment and does not violate her rights under the Texas Constitution.

On appeal, Petty asserts she was denied her Constitutional right to have a trial by jury due to the trial court's issuance of the summary judgment order. Texas law is clear that where summary judgment is properly rendered, there is no violation of a right to a jury trial. As stated in *Willms v. Americas Tire Co.*:

> The right to a jury trial in civil cases is not absolute. *See Green v. W.E. Grace Mfg. Co.*, 422 S.W.2d 723, 725, 11 Tex. Sup. Ct. J. 153 (Tex. 1968); *Bliss v. NRG Indus.*, 162 S.W.3d 434, 437 (Tex. App.–Dallas 2005, pet. denied); *Martin v. Commercial Metals Co.*, 138 S.W.3d 619, 626 (Tex. App.-Dallas 2004, no pet.). The summary judgment process provides a method of terminating a case when only questions of law are involved and there are no genuine issues of fact. *Bliss,* 162 S.W.3d at 437*; see also Lattrell v. Chrysler Corp.*, 79 S.W.3d 141, 150 (Tex. App. –Texarkana 2002, pet. denied). <u>However, where no material issues of fact exist to submit to a jury then the granting of summary judgment cannot violate a party's constitutional right to a jury trial</u>. *See Bliss,* 162 S.W.3d at 437; *Martin*, 138 S.W.3d at 627; *Lattrell*, 79 S.W.3d at 150.

190 S.W.3d 796, 810 (Tex. App.—Dallas, 2006, pet. denied) (emphasis added). As detailed above, the trial court properly granted Plaintiff's Motion. There are no disputed material fact issues to submit to a jury. Accordingly, Petty was not denied her right to a jury trial and there is no reversible error on this issue.

## V.    CONCLUSION

In this appeal of a summary judgment order, this Court's review is limited to a review for legally sufficient evidence because Defendant Petty, the non-movant, failed to respond to Santander's Motion.  As detailed above, legally sufficient evidence supports the trial court's summary judgment.  None of the other grounds raised by Petty on appeal are preserved for review.  Even if they were, the law is clear that under the facts in this case, the trial court committed no error. Because there is no legal basis to reverse the trial court's granting of summary judgment, the Judgment must be affirmed.

Respectfully submitted,

/s/ Kendal B. Reed
Aaron Z. Tobin
State Bar No. 24028045
atobin@andersontobin.com
Kendal B. Reed
Texas Bar No. 24048755
kreed@andersontobin.com
ANDERSON TOBIN PLLC
13355 Noel Road, Suite 1900
Dallas, Texas 75240
Phone: (972) 789-1160
Fax: (972) 789-1606
**ATTORNEYS FOR APPELLEE**

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4(e), (i)

1.  This Brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(i)(2)(B) because, according to the Microsoft Word 2010 word count function, it contains 4159 words on pages 3-17 excluding the parts of the brief exempted by Texas Rule of Appellate Procedure 9.4(e)(i) (1).

2.  This brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 software in Times New Roman 14 point font in text and Times New Roman 12 point font in footnotes.

## CERTIFICATE OF SERVICE

Counsel for Appellee certifies that a true and correct copy of the foregoing document has been delivered by electronic service, first class mail, and certified mail, return receipt requested to Appellant on February 5, 2014:

Mary Lou Petty
744 Elizabeth Drive
Bullard, Texas 75757


/s/ Kendal B. Reed
Kendal B. Reed